COZENS *et al.*, Respondents, v. BARRETT, Appellant.

1. It is erroneous, in a suit for work and labor done by plaintiffs as surveyors, to permit a book-keeper of plaintiffs to testify that the services sued for were charged on plaintiffs' books to defendant.

*Appeal from St. Louis Law Commissioner's Court.*

*A. Buckner*, for appellant.
*Hart & Jecko*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

The only question of importance in this case involves the propriety of the action of the court below in regard to certain portions of testimony offered to the jury when the case was on trial below. The plaintiffs sued the defendant for work and labor performed for him as surveyor. A witness for plaintiffs was asked the following questions: " When the men went out (that is, the plaintiffs' men) where did they profess to start for ? Ans. They started to defendant's place. When they returned, did they return with any papers, notes or sketches ? Ans. They returned with sketches of surveys and field notes of defendant's property. The plats of the survey were made from these sketches and plats by myself, as clerk for plaintiffs. Defendant was in plaintiffs' office occasionally looking at the sketches. The number of hands that went out in the morning came back in evening, and Mr. Cozens paid for the furniture car in which the men went out and returned." The defendant objected to the asking and the answering of these questions. His objections were overruled by the court, and the defendant excepted.

Now we see nothing objectionable in this testimony. The witness speaks of facts, and these facts may be very properly the foundation of presumptions on which the jury might properly conclude that the work was done for defendant, and that he was instrumental in having it done, and liable for it.

The plaintiffs took the deposition of a witness, John A. Dolman, but did not use it. The defendant read this deposition of Dolman, without any objection on the part of the plaintiffs. Dolman said : " I employed Cozens & O'Flaherty to make a survey of a piece of land belonging to the defendant, which survey was made according to my directions, and the expenses of said survey were charged to me, and in my account with Cozens & O'Flaherty I gave them credit on my books. The amount which I gave Cozens & O'Flaherty credit for is fifty-one dollars and fifty cents." After the defendant closed his

ST. LOUIS.

testimony, the plaintiffs recalled a witness, who testified that he was the book-keeeper of plaintiffs, as also the book-keeper of John A. Dolman (the witness for defendant) ; that the books of Dolman did not show any credit given to plaintiffs for surveys done on defendant's property in his (Dolman's) account against them ; that the services sued for in this suit were charged on plaintiffs' books to the defendant." The defendant objected to this testimony ; it was admitted, and he excepted, and brings the case here by appeal. The testimony of Dolman, about the contents of his books, was admitted without any objection ; and, although this testimony was illegal, and, if objected to, might have been rejected, yet, having been admitted, we are not prepared to say that it was not properly met by evidence from a witness who stated that the books of Dolman did not show a credit given to plaintiffs in his account for these services. Had the witness, who was called to contradict Dolman, gone no further in his testimony—had he stopped at this simple contradiction, we would not have reversed the judgment below. The defendant opened the way for such testimony by his own improper evidence, and we should have left him to reap the fruits of such a step. But the witness did not stop at the contradiction of Dolman, but he also states what the books of the plaintiffs show in regard to these services. He says " that the services sued for in this suit were charged on plaintiffs' books to the defendant." This part of his testimony was clearly improper. The plaintiffs had no right to prove by their witness what was on their books. This testimony had a direct tendency to mislead the jury ; it should have been rejected by the court. For this error the judgment below must be reversed, and the cause remanded ; the other judges concurring.