DAVIDELLA BRIGGS *et al.*, Plaintiffs in Error, *v.* JOHN B. HENDERSON *et al.*, Defendants in Error.

1. *Instrument, lost — Execution, proof of — Evidence, primary and secondary — What permissible.*—The establishment of the loss of an instrument will not dispense with the necessity of proving its execution. And the best evidence of this fact which the case will admit of must be produced. But on the failure of better proof, secondary evidence, down to its lowest stages, is admissible. Thus, the copy of the record of a deed proved to be lost may be introduced, the recorder having sworn to his recollection of the original deed and to the fact that the record and copy were faithful transcripts of the original.

2. *Evidence — Instruments, copies of — Entries, cotemporaneous.*—Cotemporaneous entries, not only of acts and occurrences, but of copies of instruments, if made in the course of business, or where they would naturally be looked for, are often received, especially when sustained by other evidence.

3. *Conveyances, voluntary — Adverse claims — Notice.*— No notice of adverse claims is required to bind the grantor in a voluntary conveyance of land.

*Error to Audrain Circuit Court.*

*Dwyer & Musick,* for plaintiffs in error.

I. The deed from Herrick to Fyler not having been properly acknowledged or proved, the act of the officer in recording it was without warrant of law, and the record was of no validity whatever; it amounted to no more than any other copy of the deed by any other person. (Caldwell v. Head, 17 Mo. 362; Garnier v. Barry, 28 Mo. 438; Pattison v. Fagin *et al.*, 38 Mo. 71-4; Phil. Ev. 458; Kerns v. Swope, 2 Watts, 75; Pyle v. Moulding, 7 J. J. Marsh. 202; Garrison v. Hayden, 1 J. J. Marsh. 222.) "A paper purporting to be the record of a deed, and not duly acknowledged, is inadmissible, either as a record or as a

copy of a deed." (Doe v. Roe, 1 Johns. 402.) It was not admissible under section 40, chapter 143, Gen. Stat. 1865 (see Garnier. v. Barry, 28 Mo. 449), nor under the act of 1847 (Sess. Acts 1847, p. 95, § 8; Sess. Acts 1868, p. 51; Wagn. Stat. 595, §§ 35, 36.) That statute has reference to proof of notice only. It was not offered as an ancient deed, and therefore cannot be considered as having been admitted as such. (Allen v. Moss, 27 Mo. 362.) Nor would the original deed have been admissible as an ancient deed. (1 Stark. Ev. 66–7; 1 Greenl. Ev., §§ 21, 142–4, 570.)

II. The exhibits attached to the depositions should have been excluded. The record itself was but a copy of the deed, and the exhibits were copies of a copy, and as such were not admissible in evidence. (Doe v. Roe, *supra;* Gilb. Ev. 9; 2 Phil. Ev. 239.) But copies of such records are expressly excluded by the statutes of this State until the execution of the deed has been proven. (Sess. Acts 1868, p. 51; Wagn. Stat. 595, §§ 35–6.)

*H. C. Hayden,* for defendants in error.

The Circuit Court committed no error in admitting the sworn record copy of the deed from Herrick to Fyler. It was not presumed that the original was in the possession of the defendants. The deed was more than thirty years old, and without subscribing witnesses. The justice of the peace and all other parties, grantors and grantees, were all dead, and diligent search had been made for the original. The next best evidence was the record copy, written down by Joel Haynes, the clerk, from the original. The fact that the deed was definitely acknowledged has no bearing on this question of proof. (9 Pet. 663, 673; 2 Phil. Ev. 582–3; 3 Ham., Ohio, 111, 583 and note; Barton v. Murrain, 27 Mo. 235; 45 Mo. 375; 5 Mo. 291; 1 Greenl. Ev., § 84; *id.* 575; 12 Shep. 249; 5 Pet. 318; 11 Price, 475, 489, 492.)

BLISS, Judge, delivered the opinion of the court.

The adverse claims of both parties arise from the same deeds, which were the foundation of the several claims in Musick v. Barney, *ante,* p. 458. In the present case Fike, who purchased

the interest of Herrick in sundry tracts of land, conveyed the land in controversy to John J. Ely, his son-in-law, as a gift, and most of the plaintiffs are the heirs of Ely. The defendants, as in Musick v. Barney, hold through the lost deed from Herrick to Jared D. Fyler, executed March 7, 1837, which embraced several tracts of land in the counties of Pike, Audrain and Ralls, which was acknowledged before a justice of the peace of Pike county, where Herrick then resided, and was recorded in that and in each of the other counties. The law at that time required acknowledgments to be made before magistrates of the county in which the land is situated; hence, as to the land in controversy, it was improperly acknowledged, and its record was not provided for by law.

Upon the trial the court admitted in evidence, on behalf of defendants and against the plaintiffs' objections, a certified copy of this record, but before its admission the loss of the original was proved, and the recorder of deeds of Audrain county, in 1837, still living, testified that the record was made by him; that it was made from the original deed, and carefully compared; that from several circumstances named by him, he distinctly remembers the original deed, and the fact that he copied it upon the records, and he is certain that he made a correct copy. The original record was also offered in evidence, which corresponded with the copy. Other witnesses testify to the relations of Herrick and Fyler, showing that the former was largely indebted to the latter and others, and speak, though with less certainty, of having seen at the time a deed from Herrick to Fyler, and think the copy exhibited was a copy of the same, and speak of the general understanding in regard to the sale. It was also shown that all the persons named in the deed, and others likely to know specifically of its execution, are dead; and it was not disputed that the copy produced was a correct transcript from the record. The objection to this evidence was: first, because the execution of the original instrument was not proved; and, second, because it was a copy of a copy.

If there is no evidence tending to prove the execution of an instrument offered in evidence it should be withheld from the jury; but if competent evidence is submitted, and the best the nature

of the case admits of, the court may not judge of its sufficiency, but the paper should go to the jury under proper instructions. And so with a lost instrument; the establishment of the loss will not dispense with the proof in this regard demanded in behalf of the original, otherwise a broad door would be opened for fraud. But there are degrees of evidence, and impossibilities are not required. The best in the power of the party should be given; but when it is shown that primary evidence is impossible, then secondary is admissible, and down to the lowest degree of secondary evidence. Thus, in the case at bar, the best evidence would have been the production of the original deed, with proof of the handwriting of the grantor and by the subscribing witnesses, had there been any. Had it been properly acknowledged and recorded, the best secondary evidence would be a certified transcript under the statute. Not being so acknowledged as to the land now in controversy, this transcript alone is not evidence of its execution, but other proof is required. Were it a recent deed, the parties to it, or those concerned in or who must know of its execution, being alive and within reach, they should be called. But suppose thirty years had elapsed; that the grantor, the grantee, the person who took the acknowledgment—all, indeed, who had any concern with or who could be supposed to have any knowledge of its execution— were dead, there could be no direct proof of the signature. In such case a lower class of secondary evidence must, from the nature of the case, be admitted, or all proof excluded. In view of this difficulty, the court admitted evidence showing that the deed properly acknowledged and recorded as to lands in Pike, was also recorded in Audrain; that the record was a true copy of the original, and the copy offered in evidence was a copy of the original, as well as of the record; that it was not only received and acted upon by the grantee and his assigns as genuine, *i. e.*, as properly executed and delivered by the grantor, but it was notorious through the neighborhood that Herrick, who had entered large bodies of land, had conveyed them to Fyler by this deed, and that many titles had been traced to it and were considered and treated as valid.

Do not these facts tend to prove that there was such a deed?

and as, from the nature of the case, no better evidence was obtainable, should they not be submitted to the jury? Had the original been produced by tracing it to the proper custody, no evidence of its execution would have been necessary. This record, though irregular, is not without significance, and is more than a mere copy. It was made in the right place and precisely where all would look for such a copy, and is so far analogous to the proper custody of an original conveyance.

Cotemporaneous entries, not only of acts and occurrences, but of copies of instruments, if made in the course of business, or where they would be naturally looked for, are often received, and especially when sustained by other evidence. In Allen v. Parish, 3 Ohio, 107, the existence of a lost conveyance was in dispute. It had not been recorded according to law, but the notary before whom it was acknowledged had copied it upon his notarial record. The witnesses, parties and notary being dead, this copy was admitted in evidence as tending with other crcumstances to show the existence and contents of the deed, and without any specific proof of the signatures. In Winn et al. v. Patterson, 9 Pet. 663, an ancient power of attorney had been recorded in the wrong county and was not a legal record. The subscribing witnesses were dead, and as the original power was lost, their handwriting could not be proved; but the person who made the record was alive, and testified that he knew one of the subscribing witnesses and his handwriting; that he believed it to have been genuine; for, being signed officially, it must have induced him to commit the paper to record. He also compared the copy produced in court, and testified that it was a copy of the original and of the record. The court admitted the copy in evidence, although the witness did not pretend to recollect the handwriting, but founded his belief of its genuineness upon the fact that he had recorded the paper; because, from lapse of time, death of parties and witnesses, and loss of original, better evidence could not be produced. (See also Jackson v. Rice, 3 Wend. 180; Garwood v. Dennis, 4 Binn. 314.)

Upon the second point we have to say that the copy of the record was not relied on, but the original record was also intro-

duced.   It seems to have been attached to the deposition of the
recorder to enable him to identify the instrument; but even if it
had been alone relied on, it was not treated as a copy of a copy,
but a second or duplicate copy of the original.   In Winn v. Pat-
terson, *supra*, Justice Story, on pages 677–8, denies that the
copy produced was a copy of a copy, but a second copy verified
as a true copy of the original; and though the mode of ascertain-
ing the fact is more circuitous than though the second copy had
been compared with the original, yet that fact goes rather to the
strength than the degree of evidence.   In the case at bar, as in
Winn v. Patterson, it sufficiently appears that the exemplified copy
is a true copy of the original, and thus it becomes competent
evidence without the production of the first or record copy.

In regard to notice of the existence of the deed under consid-
eration, some facts are shown not considered in Musick v. Barney.
At the time of the execution sale and purchase by Fike, an agent
of Fyler appeared and gave public notice of his claim, so that
Fike must be held to have purchased with notice.   It also appears
that the deed from Fike to Ely was made without a money consider-
ation; hence no notice to Ely or heirs was necessary; and all the
other plaintiffs purchased after the act of 1847, making the records
of deeds defectively acknowledged to operate as constructive notice.

The judgment is affirmed.   The other judges concur.