## ANDERSON v. VOLMER, *Appellant.*

83 403
31a 599

83 403
34a 354

83 403
37a 569

83 403
39a 379

83 403
108 984

83 403
112 389
50a 633

83 403
162 157

1. **Liens for Materials Furnished Building**: STATUTE: NOTICE: AGENT. Where, in a proceeding by a material man to enforce a lien for material furnished a building, it appears that the ten days' notice of the claim against the building required by Revised Statutes, section 3190, is served upon one as the agent of the owner, the burden is on the plaintiff to prove the existence of the agency.

2. ————: AGENCY: INSUFFICIENT PROOF OF. Mere proof that the alleged agent acted as agent for the owner in making the settlement with the contractors and paying them the contract price for the building is insufficient to raise the presumption that he was the owner's agent for the purpose of the service of the notice required by said section 3190, Revised Statutes.

3. **Principal and Agent**: NOTICE. Notice to an agent before the agency is begun, or after it has terminated, will not ordinarily affect the principal.

4. **Witness : EVIDENCE : BOOKS.** A witness should testify of his own knowledge as to the matters in issue. Where his knowledge is derived from books, he cannot, in their absence, speak of their contents.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

REVERSED.

*R. H. Field* for appellant.

Notice to a person as an agent to bind one as principal must be to the agent in fact of the one for whom notice is intended, and it must be given while agency exists, and not, as was done in this case, *Hayward v. National Insuranc Company*, 52 Mo. 181; *Golson v. Ebert*, 52 Mo. 260; *Haven v. Brown*, 7 Greenleaf 421; *Hubbard v. Elmer*, 7 Wendell 446; Rev. Stat., sec. 3190. Agency must be proven, which was not done in this case. The mere giving notice to a person does not prove such person an agent. *McGowan v. Railroad Co.*, 61 Mo. 533. The burden of proving agency was upon respondent. *Cravens v. Gilliland*, 63 Mo. 28. Agency cannot be shown by admissions of agent (as the court below held in excluding them), nor by act of agent. *Craighead v. Nickel*, 21 Mo. 404. Agency cannot be implied from person acting as agent without proof of knowledge or consent of the persons ought to be charged as principal. *Craighead v. Nickel, supra ; Golson v. Ebert*, 52 Mo. 260. It was error to allow the witnesses to testify to the contents of the books kept of the accounts sued on. Such testimony was secondary to the books, and hence not admissible because the absence of the books was not accounted for. *Bank v. Lonnergan*, 21 Mo. 46; *Ritchie v. Kinney*, 46 Mo. 298. The evidence did not show, as erroneously found by the court, that the whole of the lumber charged in the bill here sued on was used in the building. The burden of proof was on plaintiff to show

that his entire bill of lumber was used in the building, and the judgment cannot be sustained unless the evidence shows that more of the lumber in this bill was used in the building than was paid for. *Simons v. Carrier*, 60 Mo. 581; *Schulenberg v. Prairie Home Institute*, 65 Mo. 295. The statute requires that the account be verified. R. S., sec. 3176; *Heinrich v. Soc.*, 8 Mo. App. 587; *McWilliams v. Allan*, 45 Mo. 573; *Graves v. Pierce*, 53 Mo. 423.

PHILIPS, C.—This is an action to enforce a mechanic's lien against the property of the defendant, Kate Volmer. Werner and Shinnick were the contractors, and the plaintiff furnished material. The petition is unobjectionable and the answer tenders the general issue. The case was tried by the court sitting as a jury. Verdict and judgment for plaintiff, from which the defendant has appealed to this court.

I. The first question presented by this record for determination is, as to the sufficiency of the notice given by plaintiff to defendant to effect the alleged lien. In order to subject the property of defendant to the lien of plaintiff for materials furnished to the contractors for the building, the statute (R. S. sec. 3190), provides that the lienor "shall give ten days notice before the filing of the lien * * * to the owner or agent, * * * that he holds a claim against such building, * * * setting forth the amount and from whom the same is due." There is no pretense in this case that this notice was given the defendant in person. But the court found that notice was duly served on one S. N. Bonner, and that he was the agent of defendant. What is the evidence of the existence of this agency? I am unable to find from the record any declaration or act of the defendant admitting such agency. The evidence merely shows that the house was built for defendant. She was, during this time, residing in the state of Colorado, and the transactions in question were had in Kansas City, Mis-

souri. Bonner paid on the contract some money to the contractors, and participated in the settlement with them for the work. He, also, stated that he was agent for defendant. But it is well settled law that an agency can not be established by the mere acts or declarations of the imputed agent, nor from the mere fact that he assumes to act as agent. *Craighead v. Wells*, 21 Mo. 404; *Golson v. Ebert*, 52 Mo. 260. The burden of proof as to the existence of the agency rests on the plaintiff. *Cravens v. Gilliland*, 63 Mo. 28.

While it is true that direct evidence of the agency may not be essential, but its existence may be inferred from facts and circumstances, yet such facts and circumstances certainly ought to be of that character which tend to show that the principal must have had some knowledge of the fact that the imputed agent was so acting in the principal's behalf, and that he did not disaffirm the act timely. But even if, in this case, the presumption could be indulged, that Bonner was acting for defendant in making the settlement and paying the contract money, the legal presumption, without more, would be that he was a special agent only to perform that particular office for defendant. It would not authorize the inference of a general agency, nor one for another purpose. As to such agent, the notice to him, to bind his principal, must have been given while the agency existed and not afterwards. Story on Agency, sec. 140, states the rule thus: "Notice to the agent, before the agency is begun, or after it has terminated, will not, ordinarily, affect the principal." In *Hayward v. Nat. Ins. Co.*, 52 Mo. 191, the court affirm this text: "The notice must be given to the agent while the agency exists, and it must refer to business which comes within the scope of his authority." See *McDermott v. R. R.*, 73 Mo. 516. In other words, once an agent not always an agent. An agent for one purpose is not an agent for every other purpose.

The plaintiff's evidence, through the witness Werner,

was that he never knew of Bonner acting in any other matter for defendant than in making the settlement with him for the work done. The notice of the lien or claim was given to Bonner some time after the materials were furnished, and the settlement was made, and the money paid thereon. It was, therefore, after the imputed special agency had ended; and there is nothing shown by the record before us from which it could be inferred that Bonner was acting as agent for defendant when the notice was served on him, or of any act of ratification or recognition by her. The demurrer to the evidence should have been sustained.

II. It is, also, alleged for error by defendant, that the court improperly admitted certain testimony on behalf of plaintiff. The record shows that the plaintiff testified as follows:

"I made a contract with Werner & Shinnick to furnish them lumber in 1879. Among the bills sold them was a bill of lumber for the house of defendant, Kate Volmer, but don't know of my own knowledge that the lumber was used in this house. The account attached to the petition in this case is correct, due me ($82.05), and unpaid."

Cross-examination: "When I say the account is correct, I mean it is correct as appears from my books. I know nothing as to its correctness except what appears in my books."

Defendant here objected to the testimony of the witness of what the books contained as they were the best evidence of their contents, which objection the court overruled and the defendant then and there excepted. The witness further testified, "I did not myself measure, deliver or sell the lumber for this house, neither did I keep the books referred to." As a matter of course, unless the witness testify, of his own knowledge, touching the matter in issue, he cannot speak. His knowledge, he admitted, was derived from the books alone. He could not speak of the contents of the books. *Cozens v.*

*Barrett*, 23 Mo. 544. Without discussing the question as to whether the book itself would be admissible in evidence, it is enough to say that no sort of foundation was laid in this case for its admission, and it was wholly incompetent for the plaintiff to testify to facts which he obtained alone from the book. *Penn's Adm'r v. Watson*, 20 Mo. 13; *Hissrick v. McPherson*, 20 Mo. 310; *Briggs v. Henderson*, 49 Mo. 531.

Huck, a witness for plaintiff, testified: "The account for hardware which is sued on here, is correct, due and unpaid, and I assigned it to the plaintiff and delivered some of it myself."

Cross-examination: "My testimony as to the correctness of this account is based solely on my books. I have no recollection of selling or delivering any of the items charged for defendant Volmer's house other than what my books show." Here defendant Volmer asked the court to exclude this testimony relating to the contents of the witness's books, because the books are the best evidence, but the court refused this request and the defendant excepted. This evidence, for the reason above stated, was incompetent.

III. Counsel for appellant has discussed other alleged errors, but as no such questions were raised in the trial court, they are not before us for determination. The judgment of the circuit court, for the errors determined, is reversed, and the cause remanded for further proceedings in conformity with this opinion. All concur.