C. HANSON, Respondent, v. T. H. JONES, Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. ACTIONS—MISTAKE—DEBTOR AND CREDITOR.—An action at law will lie to recover a balance found to be due upon the correction of a mistake made by the parties in a settlement between them.

2. ———— PRACTICE—EVIDENCE.—Such a recovery may be had upon showing a mistake apparent on the face of the stated account.

3. ———— IMPLIED PROMISE.—The law implies a promise to pay the amount shown by the account to be due after the mistake apparent upon its face has been corrected.

4. ———— INSTRUCTIONS.—In the absence of evidence to contradict the settlement and the mistake, the defendant can not complain of an instruction submitting to the jury the question as to whether he had agreed to pay, after his attention had been directed to the mistake.

5. EVIDENCE—BOOKS OF ACCOUNT.—In an action on a merchant's account, where there has been an accounting and settlement between the parties on the basis of the merchant's book entries, such entries are admissible as admissions of the defendant against his interest.

6. ———— AMENDMENTS.—On appeal from a justice of the peace, the circuit court may permit an amendment of the "statement" which does not change the cause of action, even after the jury are instructed.

7. Co-partnership—Agency.—The carrying on of business by an agent in his principal's name, the goods being owned by the latter, that the agent receives a share of the profits in lieu of a salary, where he does not share in the losses, does not make them partners as to an indebtedness for goods sold and delivered by the agent as such, and the right of action therefor is in the principal.

Appeal from the Greene County Circuit Court, W. F. Geiger, Judge.

*Affirmed.*

W. E. Bowden and Thomas W. Kersey, for the appellant: This being a partnership account, Kelly should have been made a party plaintiff. Story on Part. 22, 24, 101 ; Rev. Stat., sect. 3466 ; *The State v. Sanderson*, 54 Mo. 203. The only method known to the law for re-opening a settlement by showing fraud, errors, or mistakes, is by a direct proceeding in equity for that purpose, and the petition for that purpose must charge and set forth the fraud, errors, or mistakes relied upon. Rev. Stat., sect. 2837 ; *Kronenberger v. Binz*, 56 Mo. 121 ; 1 Story Eq. (3 Ed.) 524, 529. The court erred in permitting the plaintiff, under the original pleadings in the cause, to introduce testimony showing mistakes in settlement of the account sued on, prior to suit on same and showing a stated sum still due the plaintiff, and that the defendant had acknowledged the indebtedness, and agreed to pay the same. Rev. Stat., sects. 3058, 3060 ; *Clark v. Smith*, 39 Mo. 498 ; *Webb v. Tweedie*, 30 Mo. 488 ; *Moore v. McCullough*, 8 Mo. 401 ; *Stoughton v. Lynch*, 2 Johns. Ch. 218 ; *Hardwick v. Vernon*, 4 Vesey, 411 ; *Koegel v. Givens*, 79 Mo. 77. The court erred in permitting the plaintiff to amend his statement. Said amendment changed the form of action from *assumpsit* to an action on account stated, which is not permissible. Rev. Stat., sects. 3028, 3050 ; *Webb v. Tweedie*, 30 Mo. 488 ; *Hansberger v. Pac. Ry. Co.*, 43 Mo. 196 ; *Beattie v. Hill*, 60 Mo. 72 ; *Gist v. Loring*, 60 Mo. 487.

O. H. Travers, for the respondent : On appeal from

a judgment of the justice any amendment may be made which tends to insure substantial justice, and which does not change the cause of action. *Beattie v. Hill*, 60 Mo. 72; *Gilmore v. Dawson*, 64 Mo. 310; Rev. Stat., sect. 3060; *House v. Duncan*, 50 Mo. 453. And any amendment which might have been made before the justice, may be made in the circuit court. *Transier v. Ry. Co.*, 54 Mo. 189. Kelley conducted the business for the respondent, and for his services the respondent paid him a portion of the profits. This single circumstance did not constitute a partnership. *McCauley's Adm'r v. Cleveland*, 21 Mo. 438; *Campbell v. Dent*, 54 Mo. 325; *Lucas v. Cole*, 57 Mo. 143; *Stoallings v. Baker*, 15 Mo. 481; *Wiggins v. Graham*, 51 Mo. 17; *Donnell v. Harshe*, 67 Mo. 170.

THOMPSON, J., delivered the opinion of the court.

This was an action begun before a justice of the peace for a balance of $83.95, alleged to be due for goods sold the defendant. On the trial in the circuit court it appeared substantially that the plaintiff and the defendant had charges against each other; that the plaintiff's agent in charge of his business and the defendant met and settled the account on the plaintiff's books, "and balanced the books," whereby a balance of fifty-four dollars was found to be due from the plaintiff to the defendant, which the plaintiff's agent thereafter paid to the defendant at several different times; that thereafter the plaintiff, on an inspection of the books, discovered that the account had been erroneously settled; that the errors consisted in crediting the defendant twice with the sum of $78.95, and by making another error of five dollars in the defendant's favor in adding a column, both of which errors were patent upon the face of the books. In other words, the books themselves, upon the basis of the entries in which the account was stated, showed that instead of fifty-four dollars being due from the plaintiff to the defendant, the sum of $83.95, the amount sued for, was really due, after adding the fifty-four dollars paid under the erroneous settlement, from the defendant to the plaintiff.

Down to this point there was no conflict in the testimony. The defendant does not swear that the amount sued for is not really due; but he plants himself upon the settlement, and he says that the plaintiff can not recover because he has not brought his action in the proper form to set aside this settlement for error therein; that, in order to recover, it was necessary for him to recite in his statement of cause of action the settlement, to plead the mistake, to ask for a rectification of the mistake, and for a judgment for the balance which he claims to be due.

That is substantially his only defence, and it amounts to simply this, that he says to the plaintiff: "Because your agent and I made a mistake in striking the balance shown by your books of account, on the basis of which we made our settlement, and the items of which were consequently admitted to be correct by both parties, I am entitled to keep your money, which I have got by reason of that mistake, and you are to be driven to a bill in equity to get it from me." This is certainly a most unconscionable defence set up against an honest demand.

Considerable is said in favor of this defence respecting the conclusive character of an account stated. That is not questioned. But where an account has been stated and the supposed balance paid, and afterwards an error is discovered on the face of the account itself, such as crediting a single item twice, or adding a column of figures wrongly, are the business community to be told that the merchant must file a bill in equity in order to have such an error corrected? In every such case there is an implied obligation upon both parties, *ex æquo et bono*, to rectify any mistakes which may be discovered in stating the account, and an action at law will lie to recover the balance paid by reason of such a mistake, or to recover whatever appears to be due to the plaintiff upon a correction of the mistake. *Davis v. Krum*, 12 Mo. App. 279; *Budd v. Eyermann*, 10 Mo. App. 437.

This being the law, in order to support the action it was not necessary for the plaintiff to prove a subsequent express promise on the part of the defendant to correct the

mistake and pay the amount actually due, because the law on principles of justice implies such a promise. Nevertheless the plaintiff distinctly testifies that he called the attention of the defendant to the mistake; that the defendant admitted it and agreed to pay the balance due, namely: the amount sued for. The defendant, in his testimony, denied this, and this was the only issue which the court put to the jury. It was the only matter in issue; for, by meeting together and settling the account on the basis of the entries in the plaintiff's books, the defendant had confessed the correctness of those entries, at least, so far as to make them *prima facie* evidence against him, and, as he did not in his testimony deny their correctness, or offer any evidence tending to impeach their correctness, all that was possibly left for the jury to consider was, whether he had subsequently agreed to correct the two errors named, which were patent on the face of the books themselves. This issue the court submitted to the jury, by instructing them that if they believed, from the evidence, that there was any amount due from the defendant, and that the books were shown to him, and the amount pointed out to him, and that he agreed that the amount, or any part thereof, was correct, or that he owed the same, or any part thereof, or agreed to pay the same, or any part thereof, they should find for the plaintiff in such sum as they should believe the defendant was indebted to the plaintiff, etc. And, also, by instructing them that unless they should believe, from the evidence, that there was an error in the account; that the error was pointed out to the defendant, and that he admitted it and agreed to settle the same, or some part thereof, they should find for the defendant.

In instructing the jury in this way the court ruled in favor of the defendant more strongly than he was entitled to claim, because, as already stated, no express promise, after discovering the mistake, to pay the amount really due, was necessary; the law would imply such a promise and compel the payment.

The court having thus instructed the jury, the plain-

tiff, after the instructions were given, by leave of court and against the objection of the defendant, amended his statement of cause of action so as to make it read as follows:  "The said plaintiff, for his amended statement, herein avers that during the year 1882, and prior thereto, the defendant purchased of him goods, wares, and merchandise, of the value of $259.15; that during said period the defendant paid the plaintiff, at divers and sundry times, in work and labor, the sum of $175.25, thus leaving a balance due plaintiff of the sum of $85.95, which said sum defendant admitted to be due plaintiff, and promised to pay; but that defendant has neglected and refused and still neglects and refuses to pay plaintiff said sum, wherefore plaintiff prays judgment for the same with costs."

It is objected that the court committed error in allowing this amendment, the argument being that it introduced a new cause of action, within the meaning of Revised Statutes, section 3060. We are of opinion that this amendment did not introduce a new cause of action. The cause of action remained as before, a balance due on a merchant's account. The intervening settlement and mistakes apparent upon the face of the books of account upon the basis of the entries in which the account was settled, did not, as we have already stated, drive the plaintiff to a suit in equity to surcharge and falsify the settlement. It is not like the case of *Clark v. Smith* (39 Mo. 498), where the amendment changed an action *ex contractu* into an action *ex delicto;* nor like *Hansberger v. Pac. Ry. Co.* (43 Mo. 196), where the amendment changed a common law action for negligence into a statutory action for failing to fence the defendant's railway track, whereby the plaintiff's animal got upon the defendant's track and was killed. Amendments ought to be liberally allowed in furtherance of justice, and this rule applies with especial force in proceedings commenced before justices of the peace, where formality of statement is not required. There being no hint in the record that the defendant had a meritorious defence to this action, it

does not appear that he was in any way prejudiced by this amendment.

Other points made by the defendant are equally untenable.

The plaintiff and his agent, Kelly, were not partners, because the plaintiff owned the business, and Kelly merely received a share in the profits as his salary or compensation, and did not participate in the losses; the right of action was, therefore, in the plaintiff alone.

There was no error in admitting in evidence the plaintiff's books of account for the purposes for which they were admitted; because it appears that the parties had settled their account upon the basis of the entries in those books; they were, therefore, admissible as admissions by the defendant against his interest; they were relevant evidence, as showing the manner in which the settlement had been made and the balance struck, and as showing the existence of the error and how it arose. We, of course, concede that if the facts of this settlement upon the books were out of the way, they would not have been admissible as original evidence to prove the plaintiff's demand against the defendant. *Hissrick v. McPherson*, 20 Mo. 310; *Cozens v. Barrett*, 23 Mo. 544.

The judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.