.JOHN HENSGEN, EXECUTOR, Appellant, v. J. P. MULLALLY, Respondent.

St. Louis Court of Appeals, December 21, 1886.

1. EVIDENCE—BOOKS.—Book entries are not evidence in favor of the party making them, and the party's death does not change the rule.

2. ——— This rule is not changed by the statute which makes parties competent to testify in their own behalf.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

I. D. FOULON, for the appellant.

J. P. VASTINE, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sues as executor of John Hensgen deceased, on an open account made by the defendant with the testator, during his lifetime, for work and materials delivered, chiefly in repairing and re-furnishing vehicles. The cause was sent to a referee, who found and reported in favor of the defendant, on the ground that the only testimony offered by the plaintiff was in-

admissible for the purpose of proving the account. The referee, in his report, says that the plaintiff "introduced evidence tending to establish the authenticity of 'certain books of account of his testator, in which books of account are contained the items of work, service, and labor constituting the subject matter of his action. The evidence satisfactorily established the proposition that the books produced were the regular books of account of the plaintiff's testator, and that the entries therein were made at or about the time of the various transactions therein recorded. The evidence also established the fact that all of said entries in said books were made by the plaintiff's testator in person, and not by a book-keeper or clerk." The referee sustained the defendant's objection to this evidence, as incompetent to prove the account, and was in turn sustained by the circuit court.

The principles of the common law excluded a plaintiff's book entries as evidence against the other party, apparently on the ground that one could not be permitted to make evidence in his own favor. The English courts, however, long ago recognized the admissibility of such testimony, where the entries were against the interest of the party making them. *Higham v. Ridgway*, 1 East, 109. Among the American courts there has been a considerable diversity of opinion upon the admissibility of book-entries to prove the facts therein stated, whether for or against the interest of the party making them. But in Missouri, the rule has long been settled, that a party can not introduce his book entries for the purpose of establishing the correctness of his account. In *Hissrick v. McPherson* (20 Mo. 310), the subject was fully considered by Judge Scott, who demonstrated, not only that such evidence had never been recognized as admissible in this state, but that to do so would be, as he shows by several illustrations, directly hostile to the policy of our jurisprudence. The learned counsel for the appellant in this case argues with much ingenuity that

the change in our statute, which now permits a party to testify in his own behalf, has reversed the rule of that decision. We do not perceive that the premises sustain the conclusion. The law which admits that a party may testify truly in his own interest, leaving his credibility to be determined by the jury, certainly adds nothing to the credibility of his voluntary statements made out of court, and without the sanction of an oath ; and his book entries amount to nothing more. This court held, in *Daum v. Neumeister* (2 Mo. App. 597), that the change in the law referred to made no difference in the rule excluding book accounts as evidence. The rule of *Hissrick v. McPherson*, has been adhered to in a number of decisions since the change made in the statute. *Lord v. Siegel*, 5 Mo. App. 582 ; *Hanson v. Jones*, 20 Mo. 595 ; *Anderson v. Volmer*, 83 Mo. 403 ; *Daum v. Neumeister*, 2 Mo. App. 597 ; *Cozzens v. Barrett*, 23 Mo. 544.

The appellant insists that the death of the testator, whose book entries were offered in evidence, makes this a different case from any that have heretofore been decided in Missouri ; that, since it is impossible to produce the primary testimony of the testator, who made the entries, the law will admit, as secondary evidence, and the next best that can be procured, the books themselves, with the suppletory proofs of their authenticity, of the times when the entries were made, and of the testator's habitual accuracy in keeping his accounts. This position mistakes the nature of both primary and secondary evidence, as adapted to the issue here presented. The fact to be proved is, not that the several items were charged on the books against the defendant, but that the articles were furnished and the work done by the testator for the defendant, with the mutual understanding that the defendant was to pay therefor the prices charged. The primary and best evidence to prove these facts is not necessarily the testimony of

the man who furnished the articles and the work. Any competent witness, who was personally cognizant of the facts, could make the proof of them quite as well, and the rule which demands the best evidence would be satisfied by the testimony of any such witness. The loss by death or absence of one witness who might prove a particular fact, affords no ground for the introduction of secondary evidence, where the fact is of such a nature that it be may proved with equal conclusiveness by other means. It is only where the subject of proof is such that all the best evidence of the fact is beyond reach, that the door will be opened for the admission of an inferior grade of proof. Thus, if the contents of a deed are to be established, the best, and the only best evidence thereof will appear in the production of the deed itself. If the deed be lost or destroyed, then, inasmuch as there can not be, in the nature of things, any existing evidence of equal grade with the deed itself, secondary evidence may be introduced in the shape of an authenticated copy. So, as to the proof of a last will. The law requires, first of all, the testimony of the attesting witnesses, and this testimony becomes, therefore, the best, and the only possible best evidence of the facts to be proved. If the attesting witnesses be dead, no testimony of equal grade with theirs is possible of attainment, and for that reason proof may be made of their hand writings. No such conditions of exclusively "best evidence" upon an issue like the one contained in this record, can be imputed to the personal testimony of one who has made entries in a book of accounts, touching the matter of controversy.

Nor can it be said that the books themselves, with the suppletory proofs, would, after the death of the person who made the entries in them, be in any sense secondary evidence upon the issues in this case. By Missouri law, they are not evidence of any sort for the purpose supposed. If the claimant, being alive, were

permitted by law to prove his demand by his book entries, there might be some reason in holding that, in the event of his death, the books themselves, with the proper suppletory proofs, would be admissible as secondary evidence. But, as the testimony would be inadmissible with the sworn endorsement of the living claimant, it is impossible to see how it could be received without that endorsement, after his death. *Briggs v. Henderson* (49 Mo. 531), cited for the appellant, involved questions of copies and records of lost deeds, with their proper authentication, of which the originals would have been admissible in evidence, and is not in point.

We think the ruling of the referee and of the circuit court was correct, and the judgment will be affirmed. All the judges concur.