John Hensgen, Executor, Respondent, v. Patrick Donnelly et al., Appellants.

St. Louis Court of Appeals, February 1, 1887.

1. Evidence—Books.—The books of a party are not evidence in his favor or in favor of his legal representative after his death.

2. ———— Practice.—Under objections that the preliminary steps to make them evidence, when admissible at all, have not been complied with, it is error to admit such books without suppletory oath and preliminary inspection by the court.

Appeal from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Reversed and remanded.*

M. McKeag, for the appellants: The referee illegally and improperly admitted the books of the deceased in evidence. *Hissrick v. McPherson*, 20 Mo. 310 ; *Anderson v. Volmer*, 83 Mo. 403 ; *Ives v. Waters*, 30 Hun, 297 ; *Rhoads v. Gaul*, 4 Rawle, 404.

I. D. Foulon, for the respondent: The grounds of exceptions to the rulings must be stated, and the grounds stated alone will be considered by the appellate courts. *Fox v. Young*, 22 Mo. App. 387 ; *Blakely v. Railroad*, 79 Mo. 388 ; *Margrave v. Ausmuss*, 5 Mo. 561 ; *The State v. Price*, 9 Mo. App. 581 ; *Prim v. Raboteau*, 56 Mo. 407 ; *Carver v. Thornhill*, 53 Mo. 285 ; *Saxton v. Allen*, 49 Mo. 417.

Lewis, P. J., delivered the opinion of the court.

This is a suit on an open account for work and labor and articles furnished on the defendant's request by the plaintiff's testator, in his life time. The cause was sent

to a referee, upon whose report a judgment confirming it was rendered in the plaintiff's favor for $564.95.

The original petition claimed a balance due of $468.05. While the matter was pending before the referee, the plaintiff obtained leave of the court to file an amended petition and supplemental bill of particulars. He thereupon filed an amended petition with a new list of charges, which, added to the account in the first petition, made an aggregate of $1,350.90. The appellants filed, with their exceptions to the referee's report, an affidavit, in which it was shown that a certain part of the bill of particulars now appearing with the amended petition was not appended to that paper at the time of its filing ; but that the plaintiff afterwards, "without the knowledge or consent of the defendants, pasted to the bill of particulars, and over several words and figures which were part of said bill filed with said amended petition, obliterating, defacing, and covering up said words and figures, thus changing and altering the bill of items as were originally filed with the plaintiff's amended petition." A counter-affidavit shows that, upon an objection by the defendants' attorney to the introduction of any evidence in support of the items of account filed with the original petition, the plaintiff's attorney, by leave of the referee, copied those items and attached them to the supplemental account filed with the amended petition, "so as to make the paper conform to the order of the court in every respect." The defendants complain that the court erred in refusing to sustain their exceptions to these proceedings before the referee. The transcript before us contains nothing whatever by which it may be seen how this pasting, or attaching, was done, or its effects, if done at all. There is, therefore, nothing before us in this connection, except the question whether the court was right in its conclusions upon the credibility and effect of the affidavits. This question is necessarily controlled, to some extent, by the appearance of the original papers, which we have no means of

inspecting. We are, therefore, unable to pass intelligently upon the question presented.

The following entry appears in the bill of exceptions :

"Plaintiff offers in evidence the books of accounts of the deceased, John Hensgen, marked here in exhibits A, B, C, D, E, F, G, and H, respectively. The defendants object to the said exhibits as evidence, as incompetent, in this, that they don't appear to be the daily entries of the deceased, because they are erased and in a mutilated condition, and because they are not all the books in which the accounts of the defendants with the deceased were kept, and because the executor has not properly qualified for the admission of them as evidence. Objection overruled and the defendants except, and the said exhibits are admitted in evidence."

The referee in his report reviews with much elaboration the testimony submitted to him, and reaches his conclusions by extended analyses and comparisons of the numerous entries and facts proved. We need not stop to consider to what extent his deductions are justified by the proofs. It is manifest that he gave throughout a controlling weight to the book entries as evidence of what they purported to show, and that without them he could not have found upon the issues as he did. It is, therefore, of the first importance to determine whether his conclusions, so reached, could be sustained by the trial court without error.

The law is well settled in Missouri, that the book accounts and entries of a party are not admissible as evidence in his favor, and that the rule is not changed in favor of the legal representative, after the death of the original party. The subject is fully considered, with citations of authorities, in *Hensgen v. Mullally* (23 Mo. App. 613). But we are here met by the argument, that, in the present case, no general objection was offered against the admissibility of the testimony, and that the form of the defendants' special objection

was equivalent to an admission that the testimony might be submitted if certain conditions (inoperative for any purpose, by our law) were first supplied ; that the defendants thus waived the only sustainable objection to the testimony, and the referee did right, therefore, in receiving and acting upon it as the basis of his findings.

Where an objection to evidence is formal, as affecting the question of time, the order of proofs, or the necessity for some preliminary foundation, there can be no doubt that the failure to offer such an objection at the proper moment will operate as a waiver, and the hearing of the testimony without regard to its pre-requisites can not afterwards be complained of. But this is not such a case. The referee admits that the suppletory oath of the executor, for which the defendants stipulated, was not supplied, but proceeds to excuse the omission, from considerations of apparent impracticability. It can not be said, therefore, that the defendants waived anything. The testimony was admitted squarely against their objections. If no objection had been offered, or if all the defendants' stipulations had been complied with, we might find it difficult to say that the referee's ruling was reversible error. But, coupled with the defendants' resistance against the introduction of the evidence, we must consider also the repugnancy to correct principles, in any true system of jurisprudence, of a judicial decision founded upon facts to which the law denies all probative weight in any possible state of the issue on trial. Such, by Missouri law, were the facts here admitted by the referee as satisfactory evidence, and as competent to control his conclusions. A trial so conducted and a decision so rendered are, in effect, a trial and a decision without evidence, as that necessary ingredient of every trial and consequent judgment is known to the law. The proceeding and its result were against the persistent objection of the defendants. That they did not give the best existing reason for their objections is immaterial, since they practically waived nothing,

and the ends of justice were clearly on the side of their protest.

The judgment will be reversed, and the cause remanded. All the judges concur in the reversal. Judge Thompson is of opinion that a final judgment in favor of the defendants ought to be entered in this court.

Thompson, J., delivered a separate opinion.

I agree to the reversal of the judgment in this case for three reasons:

I. The books of account, which furnish the sole basis on which the referee has constructed his finding, were not evidence at all under our law.

II. They were not evidence under any rule which has ever been administered in English or American courts, except upon proof that they were correctly kept, which question was always to be decided as a preliminary question by the judge. The evidence shows that they were not correctly kept, nor kept in accordance with any recognized system of book-keeping.

III. But if the referee had been entitled to consider them as evidence they would not have supported any finding in favor of the plaintiff. The referee begins the statement of the account where the plaintiff's bill of particulars begins it, to-wit, on October 3, 1874; but the books show that the account had been "paid in full" down to include March 29, 1875. If we reject the charges which the account contains from October 3, 1874, where the referee commences stating it, to include March 29, 1875, where the book of the decedent exhibits this entry "paid in full," we must reject the sum of $1,472.20. Rejecting this amount, and otherwise stating the account precisely as the plaintiffs have stated in their bill of particulars, and it will appear that the account has been overpaid.

It is, in my judgment, unnecessary and improper to remand such a cause, in order that further experiments may be made with justice, such as this record discloses, and further costs accumulated.