WILLIAM H. NIPPER, Respondent, v. O. A. JONES, Appellant.

Kansas City Court of Appeals, November 7, 1887.

1. PRACTICE—EVIDENCE—BOOKS OF ENTRIES.—It is well settled in this state, that a party cannot introduce his book of entries for the purpose of establishing the correctness of his account. But the party might refresh his memory from the book entries made by him, and then testify as to the fact independent of the entries, if he can then do so from the recollection of the fact recalled. If he has made entries of the sales in his regular book of accounts, after he has testified to the correctness of his account, the other side may demand his book for the purpose of cross-examination and contradiction.

2. ——— PARTNERSHIP—SETOFF AGAINST INDIVIDUAL MEMBER.—It is also well settled that the debt of an individual member of a partnership cannot be pleaded in setoff against the partnership debt. But defendant might show that, at the time of creating the individual debt, it was agreed between him and the partners that it would be paid in the way claimed by him.

APPEAL from Lafayette Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

GRAVES & AULL, for the appellant.

I.   The court erred in permitting plaintiff to introduce in evidence his ledger, or to testify therefrom. The entries were made therein long after the alleged transaction. The original entry-book, containing entries made at the time of the alleged transaction, was in the possession and under the control of plaintiff, and he refused to obey a *subpoena duces* to produce the same. *Briggs v. Henderson*, 49 Mo. 531. Under no circumstances was this book admissible in evidence, nor was it proper to

permit him to testify therefrom. *Hensgen v. Donnelly*, 24 Mo. App. 398; *Weadly v. Toney*, 24 Mo. App. 304; *Hanson v. Jones*, 20 Mo. App. 601; *Hensgen v. Mullally*, 25 Mo. App. 613; *Daum v. Neumeister*, 2 Mo. App. 597; *Hissrick v. McPherson*, 20 Mo. 390.

II. The witness, Lowery, states that his testimony is based solely upon what this ledger shows. His evidence is incompetent and inadmissible. *Anderson v. Volmer*, 83 Mo. 407; *Cozens v. Barret*, 23 Mo. 544; *Penn's Adm'r v. Watson*, 20 Mo. 13; *Briggs v. Henderson*, *supra; Hissrick v. McPherson*, *supra*.

III. Plaintiff having refused, upon "reasonable request," to produce his book of original entries, his testimony is not admissible. 1 Rev. Stat., p. 688, sect. 4011.

IV. The court erred in refusing to permit defendant to show that the custom of the firm of Nipper & Lowery had been to receive individual demands against the respective members of said firm in settlement of the firm debts with the defendant and others, and that the said custom was notorious and well known in the community, and that the defendant relied upon the same in his dealings with them. Waterman on Setoff [2 Ed.] 273; *Everingham v. Ensworth*, 7 Wend. 326; *Blake v. Langdon*, 47 Am. Dec. 701.

V. The separate demand against plaintiff was also proper matter of setoff. Waterman on Setoff [2 Ed.] 277; *Cowles v. Cowles*, 9 How. Pr. 361.

VI. The court erred in granting instruction number two, asked by the plaintiff, and in refusing instructions number two, four, five and six, asked by defendant. Waterman on Setoff, 273, *supra; Everingham v. Ensworth*, *supra*.

No brief for the respondent.

PHILIPS, P. J.—Plaintiff and one Lowery were partners in merchandise at Higginsville, Missouri.

Lowery retired from the firm, and assigned his interest in the accounts of the concern to plaintiff. Among the accounts was one against the defendant for the sum of $61.20, to recover which this action is brought by Nipper.

The defendant in his answer pleaded as a setoff an account against Nipper, individually, amounting to the sum of $12.50. He, also, by way of setoff, pleaded an account in his favor against Lowery, individually, for the sum of fifty-nine dollars. On the trial the plaintiff was introduced as a witness, and seems, so far as we can gather from the meager abstract furnished by the appellant, to have been permitted to testify from the ledger-book, kept by the partnership concern, as to the correctness of the items of the account sued on; thus indirectly, against the objection of defendant, getting this account-book in evidence before the jury. The witness did not appear, from his testimony, to have any personal knowledge of the sales represented by the items sued for.

I. It is well settled in this state, that a party cannot introduce his book of entries for the purpose of establishing the correctness of his account. *Hissrick v. McPherson*, 20 Mo. 310; *Cozens v. Barret*, 23 Mo. 544; *Anderson v. Volmer*, 83 Mo. 407; *Hensgen v. Mullally*, 23 Mo. App. 614. The party might refresh his memory from his book entries made by him, and then testify as to the fact independent of the entries, if he can then do so from the recollection of the fact recalled. If he has made entries of the sales in his regular book accounts, after he has testified to the correctness of his account, the other side may demand his books for the purpose of cross-examination and contradiction.

II. The defendant, in order to sustain his setoff as to the account against Lowery in his individual character, offered to show that in settling, on a previous occasion, the partnership accounts against him, the partners had permitted him to set off claims which he held against the individual members; and, also, that

they had been in the habit of doing so with other parties. This evidence was excluded by the court; and we think properly. It is a well-settled rule that the debt of an individual member of the partnership cannot be pleaded in setoff against the partnership debt. The defendant, no doubt, might show that at the time of creating the individual debt, it was agreed between him and the partners that the same would be paid in the way claimed by the defendant. But the effort here was to prove the right to do so based upon a custom or usage. The proof offered fell far short of the requirement in establishing such custom or usage.

III. As to the setoff for the account of defendant against the plaintiff for $12.50, there seems to be no controversy, as plaintiff appeared willing to concede it.

The judgment of the circuit court is reversed, and the cause is remanded. All concur.