Robertson v. Reed.

Mary A. Robertson *et al.*, Respondents, v. Sophronia Reed *et al.*, Appellants.

### Kansas City Court of Appeals, December 2, 1889.

1. **Appellate Practice**: CONFLICTING TESTIMONY: IN EQUITY CASE: DEFERRING TO FINDING OF TRIAL COURT. In equity cases where the testimony is conflicting and contradictory, and an effort to harmonize and reconcile it would be vain, the trial court, who is brought face to face with the witnesses, has an opportunity to observe their demeanor, and more justly and correctly to estimate the value of their testimony than an appellate court can do from the record, and the latter court will defer much to the finding of the former and in this case will not disturb it, unless there is some prejudicial error in the admission or rejection of the testimony.

2. **Evidence**: BOOK OF ENTRIES: REFRESHING MEMORY. A party cannot be permitted to introduce his book of entries for the purpose of establishing the connections of his account; he may, however, refresh his memory from such book and then testify as to the fact, independent of the entries, if he can do so from recollection of the facts.

3. **Witnesses**: DEATH OF AGENT MAKING CONTRACT: COMPETENCY. Where a contract is made by an agent of one of the parties thereto, the death of such agent disqualifies the other party as a witness to the contract.

*Appeal from the Lafayette Circuit Court.*—HON. Richard Field, Judge.

REVERSED AND REMANDED.

*Graves & Aull*, for the appellant.

(1) The eight-hundred-dollar note and deed of trust have never been settled nor satisfied. The testimony, in order to establish this, should be clear, cogent and reasonable; in its character. clear and forcible; in its nature, positive and definite. *Ells v. Railroad*, 51 Mo. 200; *Forrester v. Serville*, 51 Mo. 268; *Ringo v. Richardson*, 53 Mo. 396; *Keiser v. Gammon*, 95 Mo. 218;

*Jackson v. Wood*, 88 Mo. 78; *Johnson v. Quarles*, 46 Mo. 423; *Forrester v. Moore*, 77 Mo. 657; 1 Story Eq., secs. 762, 763, 764, 770; *Morey v. Staley*, 54 Mo. 421, *Knowles v. Mercer*, 16 Mo. 456-7; *Duncan v. Chambliss*, 57 Mo. 581. "Evidence of declarations of parties has little weight when the parties are dead, and can neither contradict nor explain them." *Underwood v. Underwood*, 48 Mo. 531; *Johnson v. Quarles*, 46 Mo. 423. (2) The court erred in permitting William Robertson to testify from list made out by him. *Hensgen v. Mullally*, 23 Mo. App. 614; *Nipper v. Jones*, 27 Mo. App. 538; *Henzen v. Donnelly*, 24 Mo. App. 398; *Weadly v. Toney*, 24 Mo. App. 304; *Hissnek v. McPherson*, 20 Mo. 310; *Cozens v. Barrett*, 23 Mo. 544; *Anderson v. Volmer*, 83 Mo. 407. (3) The court erred in permitting William Robertson to testify. Adam Reed being dead, he was incompetent as a witness. R. S. 1879, p. 687, sec. 4010, as amended in 1887. (4) This appeal in chancery brings the whole case before this court upon the law and facts. This court will examine and decide the case without regard to the opinion of the court below. *Durkee v. Chambers*, 57 Mo. 581; *Morey v. Staley*, 54 Mo. 421; *Knowles v. Mercer*, 16 Mo. 456.

*Walker & Phetzing* and *J. D. Shewalter*, for the respondent.

(1) The evidence, that the eight-hundred-dollar note purported to be secured by the deed of trust was paid, is clear, cogent and reasonable in its character. (2) The evidence shows clearly an unconscionable scheme to defraud the appellants; besides, it is shown by other evidence, clearly, that Reed, in pursuance of the same purpose, at a time he was declaring the note lost, had the same deposited with Grove Young and Charles Hoefer as security for loans. (3) When the transaction or contract is by the agents, the death of the agent of

one party does not disqualify the agent of the other from testifying. Hence, Wm. Robertson was a competent witness for his wife, the answer alleging that he was the agent of Mrs. Robertson. *Stanton v. Ryon*, 41 Mo. 510; *White v. Chaney*, 20 Mo. App. 389. (4) It is the constant practice for appellate courts to defer, to some extent, at least, to the trial courts, in their findings in matters of fact. *Chapman v. McIlwrath*, 77 Mo. 38; *Choteau v. Allen*, 70 Mo. 336.

SMITH, P. J.—The plaintiffs, who were husband and wife, filed their petition to restrain the sale, under a deed of trust, of a lot and building, in the town of Higginsville, owned by the wife. The grounds for asking the injunction were: *First*. That the wife never executed the deed of trust, and, *second*, that the note of eight hundred dollars ($800), described therein, had been paid and settled. After answer, the defendants filed a motion to dissolve. The cause was heard by the court and the temporary injunction made perpetual.

It appears, from the evidence, that Adam Reed, who traded in the name of his wife, Sophronia Reed, sold to Mrs. Robertson, through her husband (or, properly, to Robertson for his wife), a half interest in a livery stable for five hundred dollars. Mrs. Robertson had also executed, with her husband, a note to one Hayes for two hundred and fifty or three hundred dollars. This, Reed agreed to pay, taking for the eight-hundred-dollar note (the five hundred dollars and Hayes note, three hundred dollars), a deed of trust on Mrs. Robertson's lot and building. Her evidence tended to show that Robertson, who ran a blacksmith shop, did all the blacksmithing for the stable, and his wife boarded the hands for a considerable time, neither receiving from the stable, nor from Reed, anything therefor except two dollars and fifty cents, paid to Mrs. Robertson, at one time, by the hands to purchase

supplies for hands during fair week; that Reed collected all the money made in the business, except fifty dollars paid to Robertson, during the latter part of his connection therewith, and instructed parties to pay no money to Robertson, that he had no interest in the stable. Reed, several times, sold the stable, purchased back, then sold half-interest, and purchased back, and finally sold the whole stable to J. B. Redmon, receiving the entire proceeds; also, reserving six horses, three sets of buggy harness, buggies and wagon, which he took to his farm. That the note for eight hundred dollars was settled and paid. Reed claiming that the note was lost, while he was still depositing it as collateral security and the three-hundred-dollar Hayes note, which he had agreed to pay off and for which the eight-hundred-dollar note and mortgage in part was given.

Robertson objected to the final sale of the livery stock by Reed to Redmon, unless the note was surrendered and cancelled. Reed again declared that it was lost, but was settled and paid, and that he would give a receipt against the note. Afterwards he endeavored to get the note into the hands of one Charles Pool, for the purpose of having it collected, stating he wanted it in the hands of an innocent purchaser, and that it would not do for him to go into court with the note.

No effort, however, was made to enforce collection or a sale until August, 1888, and, after Reed's death, Mrs. Robertson testified, she notified the notary she was forced to sign it, and that she told him she did not sign it freely. She was corroborated by Lizzie Cullens, a disinterested witness. They are contradicted by the notary, who admits that, at first, she objected to signing. There was considerable other testimony, but it is deemed unnecessary, in view of the disposition which we shall make of the case, to state it here. The finding of the court was for the plaintiffs in the first issue, and for the defendants in the second one. The decree was accordingly and from which the defendants appeal.

I.   The testimony of the witnesses is conflicting and contradictory, and it would be a vain endeavor to undertake to harmonize and reconcile the same.   It is doubtful whether, by the most searching and critical analysis of the testimony presented by the record, we.would be able to separate and distinguish the grains of truth from the chaff of falsehood therein intermixed.   That task was devolved upon the trial judge who was brought face to face with the witnesses, and who was thus afforded an opportunity to observe their demeanor on the witness stand, and to more justly and correctly estimate the value of the testimony of each one of them than it is possible for us to do by simply looking at it upon the record before us.   No doubt it was in part for this reason that the practice obtains in the appellate courts of deferring so much in equity cases to the finding of the trial courts.   We feel that this is one of the cases in which we should defer to the finding of the trial court, and unless we can discover some error has been committed by it in the admission or rejection of testimony, prejudicial to the defendants, we shall not disturb such finding and decree.

II.   The defendants contend that the trial court erred in permitting the witness Robertson to testify from a list of property made out by him.   The rule is well established, by the adjudications in this state that a party cannot be permitted to introduce his book of entries for the purpose of establishing the correctness of his account.   He may, however, refresh his memory with his book of entries made by him and then testify as to the fact, independent of the entries, if he can then do so from recollection of the facts recalled.   *Nipper v. Jones*, 27 Mo. App. 538; *Hensgen v. Mullally*, 23 Mo. App. 613.   In this case the witness Robertson was the agent of the wife in making the book entries objected to.   But it will be observed from the defendant's abstract, at which alone we will look, that while the

witness was asked to read from the entries made by him that he did not do so. It would seem that he testified from his recollection of the fact recalled from the book entries, so that there was really no invasion of the rule just referred to, if he was a qualified witness at all.

III. It is further insisted that since Reed, who was the agent of the defendant, who was his wife, in making the sale of her interest in the livery stable, has died, that Robertson, one of the parties to the cause of action in issue and on trial, is incompetent to testify in the case.

In view of the ruling in *Stanton v. Ryan*, 41 Mo. 510, we should have been disinclined to regard this contention as having much force were it not for the decision in the later case of *Edwards v. Williams*, 94 Mo. 447, which must control us in our ruling upon this point. *Nichols, Shepard & Co. v. Jones*, 32 Mo. App. 657. Robertson was incapacitated to testify by the death of Reed, who was the agent for his wife, in making the contract with Robertson, and about which he testified. His testimony was material, and, under the ruling made in the case last cited, should not have been admitted.

The decree of the circuit court must be reversed, and the cause remanded, which is ordered. All concur.