## McDONALD v. SOUTHERN CALIFORNIA RY. CO.

### No. 19,534; September 11, 1895.

#### 41 Pac. 812.

**Railroad—Conveyance of Right of Way—Construction.**—A conveyance to a railroad company of the right of way for its road, as located, constructed, and operated on the highway in front of the grantor's premises, to wit, on Third street, "for the full length and frontage of lots 23 and 24 in block 25," of a certain survey, and also the right to use "such street" for railroad purposes, with an acknowledgment of payment for "all damages sustained by me by reason of the construction of said railroad upon said street, and by reason of the operation thereof, and particularly . . . . for damages for any injury caused by the construction of said railroad in front of my property hereinbefore described," is a grant only of the right of way in front of the two lots; and the damages for which satisfaction is acknowledged are limited to those which had been sustained by construction and operation of the road in front of such lots, and do not apply to damages afterward sustained by reason of a defective bridge on the road, not in front of the lots.

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Action by William McDonald against the Southern California Railway Company for damages to plaintiff's premises, caused by a defectively constructed bridge. Judgment for plaintiff, and defendant appeals. Affirmed.

W. J. Hunsaker for appellant; Paris & Allison and Goodcell & Leonard for respondent.

HARRISON, J.—When this case was here upon the former appeal (101 Cal. 206, 35 Pac. 643, 646) it appeared from the findings that "said bridge and all approaches thereto are located within the right of way in said deed described, and constitute part of the premises thereby granted to the California Central Railway Company"; and it was held that, by virtue of the conveyance from the plaintiff to the predecessor of the defendant, he had given a license for the maintenance of the bridge in the condition it was at the time of the conveyance. The cause was remanded for a new trial, and the

superior court has now found "that, at the time said deed was executed, the bridge described in plaintiff's complaint, and referred to in the evidence, was not, nor was any part thereof, situated upon the lands of the plaintiff described in his complaint, or upon the extension of Third street in front of his lands, but that the eastern abutment of said bridge was situated upon the land of Third street extended westerly about one hundred and fifty feet west of the westerly line of plaintiff's lands." The other facts found by the court being substantially the same as upon the former appeal, judgment was rendered in favor of the plaintiff, and the defendant has appealed.

The appellant still contends that, by reason of the conveyance above referred to, the plaintiff is estopped from a recovery for any damage sustained by reason of the defective construction of the bridge. By that conveyance, the plaintiff, in consideration of the sum of $750, granted "the right of way for the main track of said railroad, as the same is now located, constructed, and operated in and upon the highway in front of grantor's premises, to wit, in and upon Third street, as extended west from the limits of the city of San Bernardino, for the full length and frontage of lots 23 and 24 in block 25 of the five-acre survey of the Rancho San Bernardino," and also "the right to exercise the right to use such street for railroad purposes, as it is now doing for its main track." To this grant was added the following clause: "I do hereby acknowledge full and entire satisfaction or payment of any and all damages sustained by me by reason of construction of said railroad upon said street, and by reason of the operation thereof; and particularly do I acknowledge payment for damages for any injury caused by the construction of such railroad in front of my property hereinbefore described." The right of way which is thus granted is by its terms limited to "the full length and frontage of lots 23 and 24 in block 25 of the five-acre survey of the Rancho San Bernardino," upon Third street, as extended west from the limits of the city of San Bernardino; and the following clause, granting the right to use "such street" for railroad purposes, has the same limitation. As the plaintiff could not grant a right of way over property that he did not own, and could not grant the right to use a street, except in front of his own property, it is not to be assumed that it was intended that his grant should have

reference to any other property than that which he owned, or to any other street than "the highway in front of grantor's premises," which is described therein. The clause upon which the appellant relies in support of its claim is that in which the plaintiff acknowledges satisfaction of "all damages sustained by me by reason of the construction of said railroad upon said street, and by reason of the operation thereof." We are of the opinion, however, that the "said street" designated in this clause is that portion of Third street which had been previously named in the instrument, and that the damages for which satisfaction was acknowledged were limited to those which had been sustained by the construction and operation of the railroad in front of the plaintiff's property, and which are "particularly" designated in the last clause of the instrument. It would require explicit language to justify the conclusion that it was the intention of the parties that the instrument should apply to damages that the plaintiff might afterward sustain by reason of a defective structure upon the road at a point remote from his land; and for this purpose it is immaterial whether the structure was one hundred and fifty feet or a mile away. It is more reasonable to conclude that the negotiation and compensation were limited to the property respecting which he had the right to bargain, and which is particularly described in the instrument. The judgment and order are affirmed.

We concur: Garoutte, J.; Van Fleet, J.