## LEFEVRE'S APPEAL IN THE MATTER OF THE WIDENING OF KEARNY STREET.

Contested Title to Lot in Widening Kearny Street.—The determination of the Commissioners, in the matter of widening Kearny street in San Francisco, as to who is the owner of a lot, or a building thereon, and entitled to the money to be paid for damages estimated, is not conclusive; but where the right to the money is contested, the Board of Supervisors should pay the amount into the office of the County Clerk, and leave the contest between the claimants to be set-.tled by the Courts in pursuance of the provisions of the statute.

Appeal from the County Court, City and County of San Francisco.

The principal facts out of which this contest arose are stated in *Piper's Appeal, ante,* 530.

One John J. Vioget was the owner of a lot on Kearny street, distant twenty-five feet and ten inches southerly from the southwest corner of Kearny and Commercial streets, and during his lifetime created an estate in said lot by lease to Adolphe Silvy and Francois Amoretti, to expire on the 10th day of June, 1870. Mrs. Lefevre claimed to be the assignee of the lease. The respondent claimed that she was only assignee of Silvy's interest in the lease, but that Amoretti had died without making any assignment of his interest, and that the same vested in his heirs. The Commissioners in their report awarded the sum of four thousand one hundred and thirty-three dollars and thirty-three cents to be paid to con- testant and the heirs of Amoretti for damages to be sustained to a brick building on the lot, and the sum of fourteen thou- sand four hundred and sixty-six dollars and sixty-seven cents to the owner of the fee. Mrs. Lefevre claimed that the said sum of four thousand one hundred and thirty-three dollars and thirty-three cents should have been awarded to her alone, and on that ground objected to the confirmation of the report. The County Court confirmed the report, and she appealed.

*J. B. Crockett,* and *Edward J. Pringle,* for Appellant.

*A. Campbell,* for Respondent.

By the Court, SAWYER, J.:

The only object of this appeal is, to avoid being concluded by the report of the Commissioners upon the question, as to whether the appellant is entitled to the half of the money awarded to the heirs of Amoretti for damages to the leasehold estate. We think it was not contemplated in the statute that the determination of the Commissioners on this point should be conclusive. They are not in a position to finally determine disputed titles to lands, and it was not intended that they should do so. The Commissioners report the true owners, so far as they are able to ascertain them. But the Board of Supervisors are intrusted with the payment of the moneys, and section seventeen provides, that when " the rights and interests of persons claiming the same [the money] shall in the opinion of the Board of Supervisors be doubtful, it shall be lawful for the said Board of Supervisors in any such case to pay the amount of such damages into the office of the Clerk of the said County Court, accompanied by a statement of the facts and circumstances under which said payment is made, and describing the lands and tenements taken by the said City and County of San Francisco for which such damages have been awarded ;" and when so paid over, section nineteen points out the mode of determining the rights of the claimant and parties interested. Neither the Commissioners, nor the Board of Supervisors, are adapted to the litigation of conflicting claims to the amount awarded as damages, and, when any such conflicting claims to moneys awarded are presented to the Board of Supervisors, the only safe, or proper course for that body to pursue, is, to pay the amount into the office of the Clerk of the County Court, in the manner prescribed in section seventeen, and leave the contest to be determined by the judicial tribunals designated for that purpose by the Act. The Commissioners supposed they had ascertained the proper parties interested, and accordingly indicated them in their report. This was their duty under the law, and we do not perceive that they could have done otherwise, unless they had reported

the parties as unknown, and this they could hardly have done under the evidence before them. But, however this may be, their report will not prevent the appellant from urging her claim for the money before the Board of Supervisors, and establishing her rights before the tribunal designated for that purpose.

Order of confirmation affirmed.

Neither Mr. Justice RHODES nor Mr. Justice SANDERSON expressed any opinion.