[No. 11357.  In Bank. — April 27, 1888.]

ALEXANDER LEWIS HODGDON, RESPONDENT, *v.*
SOUTHERN PACIFIC RAILROAD COMPANY ET
AL., APPELLANTS.

PRACTICE — AMENDMENT — NOTICE OF MOTION FOR NEW TRIAL — EVIDENCE
— ACCIDENT AND MISTAKE. — An order refusing to allow an amendment
to a notice of intention to move for a new trial, which is asked for on
the ground of accident and mistake, will not be reversed when the evi-
dence as to the alleged accident and mistake is conflicting.

APPEAL from an order of the Superior Court of the
city and county of San Francisco refusing an amend-
ment to a notice of intention to move for a new trial.

The facts are stated in the opinion of the court.

*McAllister & Bergin,* for Appellants.

*D. W. Douthitt,* for Respondent.

McFARLAND, J.—There were several defendants in
this action, and judgment went in the court below for
plaintiff.   A notice of intention to move for a new trial
was served and filed by all of the defendants except
Leland Stanford and C. P. Huntington, whose names
were omitted from the notice.   Afterwards, and after the
statutory time for filing such a notice had expired, the
defendants moved the court to correct said notice by in-
serting therein the names of said defendants Stanford
and Huntington, on the ground of accident, inadver-
tence, etc.   Affidavits were filed on the motion by both
sides, and the court denied the motion to correct.   From
the order denying this motion defendants appeal.

Whether or not a notice of intention to move for a
new trial could, under any circumstances, be amended
by inserting the name of a party whose time for giving
such notice had expired, it is not necessary here to de-
termine.   It is sufficient to say that the evidence before

the court below was conflicting as to the point whether the omission of said two defendants from the notice was through inadvertence and mistake, or whether it was intentional, and the motion the result of an afterthought. Under these circumstances, the court had to pass upon the evidence and find the fact, and we see no reason for interfering with its judgment in the matter.

Order affirmed.

SEARLS, C. J., SHARPSTEIN, J., PATERSON, J., THORNTON, J., and MCKINSTRY, J., concurred.