CALEB G. JESSE, Respondent, v. JNO. F. DAVIS, ADM'R, Appellant.

### Kansas City Court of Appeals, March 4, 1889.

1. **Evidence:** CHECKS OF DECEDENT IN FAVOR OF PLAINTIFF, WHEN. In an action on a long account against an estate, the bank checks of decedent, to the order of plaintiff and endorsed by plaintiff and shown to be paid by the bank and bearing the date within the period covered by the account, are admissible in evidence for what they are worth as tending to show payments on the account.

2. **Evidence:** INSUFFICIENT TO SUSTAIN VERDICT. Where one witness testifies the account is correct, but has knowledge of only two items amounting to ten dollars; and another only of a single item of $1.05, and a third only testified he had seen the decedent's family get goods at plaintiff's store but could name nothing and did not know of any sale of the goods on the bill, *held*, no evidence to justify a seventy-five dollar verdict.

3. **Witnesses:** PLAINTIFF COMPETENT AS A : FOR WHAT PURPOSE. In a case like this, plaintiff is a competent witness to testify in his own favor so far as to prove in whose handwriting his charges are and when made.

4. **Evidence:** BOOKS OF ACCOUNT, NOT COMPETENT. Plaintiff's books of account could not be used in evidence, nor should witness be permitted to relate their contents.

*Appeal from the Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*L. R. Knowles*, for appellant.

(1) Our supreme court say that when one of the parties to a litigation is silenced by death the other shall be silenced by law. 72 Mo. 133; *Chapman v. Doughty,* 87 Mo. 617; *Bank v. Hurst,* 25 Mo. App.

170.; *Mien v. Thurman*, 90 Mo. 433 ; *Ring v. Jamison*, 66 Mo. 424 ; 64 Mo. 142. (2) The plaintiff, C. G. Jesse, was incompetent as a witness for any purpose. *Mien v. Thurman*, 90 Mo. 433. Also see sec. 4010, statutes. (3) Book entries are not evidence in favor of the party making them. *Hensgen v. Mullally*, 23 Mo. App. 613. (4) The check should have been admitted as evidence. When one party to a contract is dead and the other incompetent to testify, it is proper to reason to any circumstances having a tendency to shed light upon the particular transactions in question. *Kincheloe v. Priest*, 89 Mo. 246. (5) Where there is no evidence to support the finding of the jury the court will not permit same to stand. *Callahan v. Wren*, 40 Mo. 137; *Spooner v. Railroad*, 23 Mo. App. 403; *McNeal v. Price*, not reported, Kansas City court of appeals.

No brief for respondent.

GILL, J.—This is an action originating in the probate court of Holt county ; was appealed to and tried by the circuit court ; the plaintiff had judgment, and defendant has appealed to this court. The suit is founded on a lengthy account of goods sold, composed of a large number of small items, running over a space of about fifteen months.

At the trial in the circuit court the defendant offered in evidence various bank checks made by Dodge, the deceased, to the order of the plaintiff, with plaintiff's name endorsed on the back thereof, and all shown to have been paid by the bank. These checks were dated at different times during the running of the account sued on. The plaintiff objected to the introduction of these checks on the ground that the checks did not show that they were payments upon the accounts sued on, and the court sustained the objection and excluded the check from the consideration of the jury. In this

we think the court committed error. As the respond-
ent's counsel furnished no brief or argument here in the
case, we cannot understand upon what theory these
papers were excluded.

It is true that these checks may have related
entirely to other transactions than the account sued on.
If so then the plaintiff might have so shown. But it
would seem that the checks should have been admitted
for what they were worth, as tending to show payments
made on the account from time to time.

The appellant has also called our attention, in his
abstract of the record and brief, to the evidence of the
plaintiff introduced to prove the sale and delivery of
the goods charged for, and from the showing thus made
we are forced to conclude that there was no evidence
admitted to justify the verdict of the jury for seventy-
five dollars.

True it is that the witness Harmon testified for the
plaintiff that the account was correct, and that the
balance claimed of $83.40 was due ; but on cross-exam-
ination he admitted that he knew nothing of the
different items, except a cash item of five dollars paid
to Dr. Saville, and goods to the same amount furnished
to the same party on order of Mr. Dodge. A portion of
the account purports to have been sold during the
month of January, 1886, when Harmon, by his own
admission, was not at the store. The only matter of
which the witness Dunham testified was that he had
seen the family of Dodge get goods at plaintiff's store ;
but could name nothing, nor did he know of the sale of
any of the goods named on the bill in suit. One
McRow testified to one item of $1.05, and this with the
testimony above alluded to is all the evidence upon
which the jury gave a verdict for seventy-five dollars.

It is clear that the plaintiff's books of account
could not be used in evidence, and so the court correctly

ruled. Neither should the witness be permitted to relate the contents of such books of account. *Hensgen v. Mullaly*, 23 Mo. App. 613; *Anderson v. Volmer*, 83 Mo. 403, and authorities cited in opinion.

Appellant's counsel is in error in claiming that the plaintiff Jesse could not be called as a witness for any purpose. The statute ( R. S. 1879, sec. 4010) has been amended in that regard so as to permit the party living to testify in his own favor "so far as to prove in whose hand-writing his charges are and when made." Sess. Acts, 1887, p. 287.

Harmon was *not* a party to the contract or cause of action in issue and on trial, and hence was a competent witness.

Judgment reversed and cause remanded. The other judges concur.