## RUSS LUMBER & MILL CO. v. ROGGENKAMP et al.

### No. 19,242; January 30, 1894.

#### 35 Pac. 643.

**Mechanics' Liens—Notice to Owner.—Under Code of Civil Procedure,** section 1184, requiring the owner of a building to retain sufficient funds to pay a claim for materials, furnished by a materialman who has given notice of his claim to such owner, a materialman who serves the required notice acquires a prior right to the fund in the hands of the owner, due the contractor, though the contractor subsequently abandons the contract.

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Action by the Russ Lumber and Mill Company against William Roggenkamp, W. H. Pierce, J. Lee Burton and the Union Bank of Redlands to enforce a mechanic's lien. From a judgment for plaintiff against defendant Roggenkamp, personally, said defendant appeals. Affirmed.

Goodcell & Leonard for appellant; Curtis, Oster & Curtis for respondent.

PER CURIAM.—This action was brought to foreclose a mechanic's lien upon a dwelling-house constructed for de-

fendant Roggenkamp, and owned by him. All the defendants made default, except the defendant Roggenkamp; and he alone prosecutes this appeal upon the judgment-roll. Defendant Roggenkamp entered into a written contract with the defendant Pierce for the construction by the latter of the building in question, for the price of $2,750, and this contract was made and filed as required by law. The plaintiff furnished material to the contractor, Pierce, for which there is still due the plaintiff the sum of $977.23. On June 26, 1891, the plaintiff served upon defendant Roggenkamp written notice that he had furnished material to the contractor to the amount of $963.87. At that time there was due the contractor $687.50, and to become due the further sum of $2,062.50. On July 3, 1891, the contractor ceased work, and abandoned the contract. The work was continued by Roggenkamp, under the supervision of his architect, defendant J. Lee Burton, and the building completed on October 23, 1891. Plaintiff filed its claim of lien on December 18, 1891, which was fifty-six days after the completion of the building. The lien was disallowed, and judgment rendered against defendant Roggenkamp, personally, for the sum of $687.50, with interest and costs. The sole question involved in the case was passed upon in Bates v. Santa Barbara Co., 90 Cal. 543, 27 Pac. 438. A careful perusal of the brief of appellant fails to convince us either that this case can, in principle, be distinguished from that, or that the question here was not necessarily involved there. The judgment appealed from is affirmed, upon the authority of Bates v. Santa Barbara Co., supra.