[No. 19308.   Department Two. — January 31, 1894.] ˙

## WILLIAM McDONALD, RESPONDENT, v. SOUTHERN CALIFORNIA RAILWAY CO., APPELLANT.

NUISANCE—NEGLIGENT CONSTRUCTION OF BRIDGE—LIABILITY OF RAILWAY COMPANY—GRANT—CONSOLIDATION OF CORPORATIONS.—Where a bridge erected by a railway company causes or constitutes a nuisance, a railway corporation which is the grantee of the company erecting the bridge is liable only for knowingly using a structure which is a nuisance, but if the owner of the bridge is a consolidated company of which the company erecting the bridge is a constituent, it is liable for original negligence in the construction of the bridge.

ID.—PLEADING—ADMISSIONS IN VERIFIED ANSWER—DISTINCT DEFENSES. An admission or averment in a verified answer, in a separate and distinct defense, as to the fact that the defendant was a consolidated corporation, is not evidence against the defendant upon issues tendered in other defenses contained in the same answer, consisting of denials only.

ID.—LICENSING PRIVATE NUISANCE—DEED OF RIGHT OF WAY—CONSTRUCTED RAILROAD BRIDGE.—Where the bridge which was claimed to be a nuisance was constructed at the time of a deed of grant by the owner of the land, across which the bridge was built, conveying a right of way to the railroad company over the land for the main track of the railroad, as the same was then located, constructed, and operated, such grant licensed the maintenance of the road and bridge as constructed, and the railroad company cannot be deprived of the benefit of the grant by any claim on the part of the owner of the land that the bridge constituted a private nuisance.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Elmer E. Rowell, A. Brunson,* and *W. J. Hunsaker,* for Appellant.

The admission, in one of the defenses, of the corporate character of the defendant, did not constitute an admission justifying the finding of its corporate capacity. (*Buhne* v. *Corbett,* 43 Cal. 264; *Billings* v. *Drew,* 52 Cal. 565.) In order to hold the defendant liable in this action, it must be shown to have had notice that the bridge was an improper bridge, together with a request to abate the same. (*Grigsby* v. *Clear Lake Water*

Co., 40 Cal. 407; see also Conhocton v. Baltimore etc. R. R. Co., 51 N. Y. 573; 10 Am. Rep. 646; note to Plumer v. Harper, 14 Am. Dec. 338; Beavers v. Trimmer, 25 N. J. L. 101; Pierson v. Glean, 14 N. J. L. 36; 25 Am. Dec. 497; Angel on Watercourses, sec. 403; Penruddock's Case, 5 Coke, 101.)   There is no evidence, either direct or indirect, tending to show any negligence in the construction of the bridge originally; and there is no finding of fact bringing the case within the rule of negligence as above declared.   (Houston etc. R. R. Co. v. Parker, 50 Tex. 344; Hodge v. Lehigh Valley R. R. Co., 39 Fed. Rep. 449–55; Pittsburgh etc. Ry. Co. v. Gilleland, 56 Pa. St. 448; Baltimore etc. R. R. Co. v. Sulphur Spring Ind. School Dist., 2 Am. & Eng. R. R. Cas., 206; Nitro-Phosphate etc. Manure Co. v. London & St. Katharine Docks Co., L. R., 9 Ch. Div. 503.)   The bridge having been constructed in 1886, the deed and release executed by plaintiff September 17, 1889, operated as a release and discharge of any damage which he might sustain by reason of the construction and maintenance thereof. (McCarty v. St. Paul etc. Ry. Co., 31 Minn. 278; Radke v. Minnesota etc. R. R. Co., 41 Minn. 350; Hoffeditz v. Southern Pennsylvania R. & M. Co., 129 Pa. St. 264; Buchanan v. Logansport etc. R. W. Co., 71 Ind. 266, 268; Norris v. Vermont etc. R. R. Co., 28 Vt. 99; Hortsman v. Covington etc. R. R. Co., 18 B. Mon. 218.)

Paris & Allison, Goodcell & Leonard, and Paris & Satterwhite, for Respondent.

The admission of the corporate character of the defendant is sufficient to justify the finding thereon.   (Bell v. Brown, 22 Cal. 678.   See, also, Fremont v. Seals, 18 Cal. 434; Shively v. Semi-Tropic etc. Co., 99 Cal. 259; Schmid v. Busch, 97 Cal. 187.)   The defendant is estopped from denying its liability to the plaintiff.   (1 Rorer on Railroads, sec. 7, p. 600; Code Civ. Proc., subd. 3, sec. 1962.) The fact of consolidation being admitted by the answer and established by the findings, the liability of the defendant follows as a matter of law.   (1 Rorer on Rail-

roads, sec. 2, pp. 488 et seq.)    Notice to the defendant that the bridge was a nuisance and request to abate it was not necessary.    (Rorer on Railroads, pp. 592, 593, and note 1, and cases cited; *Chicago etc. R. R. Co.* v. *Moffitt*, 75 Ill. 524; *Morris Canal Co.* v. *Ryerson*, 27 N. J. L. 457; *Culver* v. *Chicago etc. Ry. Co.*, 38 Mo. App. 130; *Brown* v. *Cayuga etc. R. R. Co.*, 12 N. Y. 486; *Hubbard* v. *Russell*, 24 Barb. 404; *Conhocton Stone Co.* v. *Buffalo etc. R. R. Co.*, 52 Barb. 390; *Caldwell* v. *Gale*, 11 Mich. 77; Wood on Nuisances, sec. 838.)    A grantee of land upon which a nuisance has been erected is liable for its continuance.    (*Plumer* v. *Harper*, 14 Am. Dec. 338, note; *Caldwell* v. *Gale*, 11 Mich. 77.)    The court did not err in holding that the plaintiff, by the execution of his conveyance to the California Central Railway Company, did not release and absolve that corporation from all claim which he might make for damages against it or its successor by reason of the operation of the railroad and bridge.    (*St. Louis etc. R. R. Co.* v. *Hurst*, 25 Ill. App. 98.)

TEMPLE, C.—This is an appeal by the defendant from the judgment and order refusing a new trial.

Practically the complaint and the amendments thereto contain four counts.    The first charges that defendant is a corporation owning and operating a railroad in this state, and for the use of its railroad in December, 1889, erected a trestle bridge over Lytle creek in the county of San Bernardino, and in constructing the same failed to use due and ordinary care in providing for the passage of water, debris, and flood-wood under the same in time of flood, that on the twenty-third day of December, 1889, during a heavy flood, owing to the said negligent construction of the bridge, debris, flood-wood, sand, and gravel accumulated under the bridge, choking up the channel, causing the water to overflow and damage plaintiff's land to his injury in the sum of four thousand dollars.

The second count contains the same facts with the

addition that defendant did not use proper care and diligence in removing wood, debris, etc., from the bridge, but negligently permitted its accumulation, thereby causing the water to run against and wash away plaintiff's land to his damage, etc.

The third count charges that defendant constructed across the creek a modern pile and stringer bridge, which was an unlawful construction and caused accumulations obstructing the flow of water, that its construction was due to negligence and want of ordinary care, etc.

The last count charges that the spaces between the piles or trestles were not wide enough or high enough to permit the free passage of water, that as constructed the bridge would inevitably cause an accumulation of drift, etc., choking up the stream, and that defendant, well knowing its defective nature, nevertheless carelessly continued its use, and failed and neglected to remedy the defects whereby damage resulted.

Each count or statement of a cause of action is specifically answered by the defendant, and to each cause of action several defenses were set up. The different answers, however, are very similar. First there are specific denials of the material allegations of the complaint.

The answer denies that defendant was a corporation prior to November 7, 1889, or that it owned or operated the railroad prior to that date, that it built the bridge in question, or that it was negligently constructed. The specific charges of negligence and damage are denied.

As a separate defense charges contributory negligence on the part of plaintiff. As another separate defense that the injury was by accident or caused by the elements, and was the act of God. As another separate defense, that on the seventh day of November, 1889, this defendant was formed by the consolidation of three named corporations, one of which was the California Central Railway Company, which last-named company built the bridge in question, and there was, therefore, a

misjoinder of parties in that the California Central is not made a party herein.

Still another separate defense avers that on the 17th of September, 1889, the plaintiff executed and delivered to the California Central Railway Company a deed, which is fully set out and which purports to convey a right of way over described land "for the main track of said railroad as the same is now located, constructed, and operated," and which contains the following language: "And I do hereby grant to said grantee the right to exercise the right to use the said street for railroad purposes, as it is now doing for its main track, and I do hereby acknowledge full and entire satisfaction or payment of any and all damages sustained by me by reason of the construction of said railroad upon said street and by reason of the operation thereof, and particularly do I acknowledge payment for damages for any injury caused by the construction of said railroad in front of my property hereinbefore described."

It is then averred that at the date of the deed the California Central Railway Company owned and operated a line of railroad which was constructed upon and over said bridge, which was then and at all times necessary to the said company in the use of its railroad. That the bridge is constructed upon the property and right of way so conveyed.

The consolidation of the three corporations is again set out to show that defendant has succeeded to the rights of the California Central Railway Company, and it is claimed that the deed is a bar to plaintiff's right to recover.

On the trial and at the commencement thereof it was stipulated in open court as follows:

"For all purposes of this trial it is admitted and conceded by both plaintiff and defendant:

"1. That the bridge and road mentioned in plaintiff's complaint was built and constructed in the year 1886 by the California Central Railway Company, and not by this defendant, and that at the commencement

of this action, and the commencement of action No. 4033, this defendant was using said bridge and road, and operating its road thereon and over such bridge as grantee and successor of said California Central Railway Company. It is admitted that at the time of the commencement of this action, and that at the time of the commencement of action No. 4033, plaintiff in this case was the owner of the property described as belonging to him in the complaints in both actions herein, and that this present defendant had no corporate existence until on or about the seventh day of November, 1889."

One of the findings of fact reads as follows:

"The defendant did not construct the bridge mentioned in the complaint. Said bridge was constructed prior to November 7, 1889, by the California Central Railway Company, a corporation, and after the construction of said bridge, to wit: on November 7, 1889, the defendant was formed by the consolidation of three certain railway corporations, to wit: said California Central Railway Company, the California Southern Railway Company, and the Redondo Beach Railway Company, and upon such consolidation being effected the defendant, on November 7, 1889, became the owner of said bridge and of said railroad crossing, and the same commenced the operation of said railroad, and thereafter continuously until the commencement of this action the defendant was the owner of said bridge, and in the possession, use, and operation thereof."

The difference between this finding and the admission is obvious. The admission is to the effect that the defendant is the grantee of the California Central Railway, while the finding is to the effect that the defendant is a consolidated company of which the California Central Railway is a constituent. Under one hypothesis defendant could only be held responsible for knowingly using a structure which was a nuisance, while on the other it is liable for negligence in its construction.

Defendant, in his motion for a new trial, based partly upon the ground of the insufficiency of the evidence,

objects to this finding, and charges that there was no evidence whatever tending to show the consolidation, and the fact is against the express admission.

Respondent does not claim that there was evidence to support the finding, but contends that appellant cannot complain, for it is so expressly averred in defendant's verified answer. So it is many times over, but only in so many separate and distinct defenses. To each cause of action, however, there is a defense which consists of denials only, and which contains no such allegation.

Are the statements made in the special defenses in a verified pleading evidence against the party upon issues tendered in other defenses contained in the same answer?

Respondent claims that it was so held in *Bell* v. *Brown*, 22 Cal. 678. In that case, in a somewhat elaborate opinion, the court held that a defendant may set up as many defenses as he has, and cannot be deprived of any because they are inconsistent. The learned justice, however, says: "There is this difference, however, between verified and unverified pleadings, that if the truth of the fact is directly averred in any part of the former, whether in a complaint or answer, and then in any other part of the same pleading, whether in the statement of several causes of action in the complaint or in separate defenses in the answer, the same fact is directly contradicted or denied, the person verifying it is guilty of perjury, for both cannot be true; and the averment which bears most strongly against the party so pleading will be taken as true upon the trial."

In the opinion it is shown that one may verify certain inconsistent defenses and yet not commit perjury. For instance, one may deny the execution of a note sued upon, and yet in another defense plead payment or the statute of limitations. In legal theory the second defense would admit the execution of the note, and the third admits its execution and that it has not been paid. Yet one may claim that it is forged and also that he has

paid it; and also, in case that he fails in his proofs as to either point, that it is barred.

But could not the defendant in such a case also plead as a defense that the note was procured by fraud? Of course, this involves a statement that he did, in fact, execute the note. If this statement may be used as conclusively settling the issue raised by the denial, then the defendant is practically not allowed to interpose all the defenses he has.

The matter is again discussed in *Buhne* v. *Corbett*, 43 Cal. 264. There it is said there is no distinction between verified and unverified pleadings in this respect. *Billings* v. *Drew*, 52 Cal. 565, presents the question as suggested in the foregoing illustration, and holds that the statement in one defense cannot be used as evidence upon another issue, because to so hold would deprive the defendant of the benefit of his denials. This I understand to be the universal rule. (Pomeroy on Code Remedies, sec. 724; *Botto* v. *Vandament*, 67 Cal. 333.)

Respondent contends that if this finding in regard to the consolidation of the corporations be stricken out, still the findings left are sufficient to support the judgment. One count in the complaint, as we have seen, is based upon the proposition that the defendant continued to maintain the bridge knowing that it was a dangerous nuisance. Upon this issue the court finds: "From November 7, 1889, until the time of the commencement of this action, the defendant, well knowing all the facts hereinbefore found, willfully and negligently kept, used, and maintained said bridge so constructed, and willfully and negligently failed to take any means or precautions to remedy the obstruction of said bridge, or to provide for the free or safe passage of the flood-water thereunder when charged with brush, trees, or other debris, or to protect the plaintiff's said land from injury thereby."

This finding is also attacked in the motion for a new trial, but I think this court would not be justified in saying it is unsupported by the evidence. There was

much testimony to the effect that the bridge was an improper one for use at that place.

Of course defendant was constantly using it, and it was its duty to have it constantly inspected and kept in repair. The character of the stream was quite obvious, and although the defendant was but a few months old, its managers were not without experience. All the evidence tending to show the nature of the structure and of the stream may be said to have a bearing upon the question of defendant's knowledge of the defects in the structure and its inadequacy for emergencies which were likely to arise.

We are, therefore, driven to consider the defense based upon the deed given by plaintiff to the California Central Railway Company, the grantor of defendant. The execution of the deed is admitted, and it is averred and found that "said bridge and all approaches thereto are located within the right of way in said deed described, and constitute part of the premises thereby granted to the California Central Railway Company."

Respondent attempts to avoid this point by claiming that there is no evidence to sustain this finding, and it is declared in the statement that it contains all the evidence given at the trial. But this finding is not attacked and cannot be by the respondent in this way. It is, no doubt, an embarrassing position to be placed in, when there is a favorable judgment based upon findings which may be held to show that the judgment ought to have been the other way. The only safety for a party in that position is to attack the erroneous finding himself, unless the consequence of the defect could only be to necessitate a new trial.

Upon the main question appellant cites us to three cases which apparently fully sustain its proposition. (*McCarty* v. *St. Paul etc. R. R.*, 31 Minn. 278.) The defendant entered upon plaintiff's land and built an embankment upon which it constructed its road. Thereafter it compromised with the owner, and took a deed conveying the land used as a right of way. *Held*, That the deed

licensed the maintenance of the road and embankment as already constructed, and that defendant was not liable because it continued to maintain the embankment with insufficient culverts, thereby obstructing the natural flow of water from plaintiff's meadow. *Radke* v. *Minneapolis etc. R. R.*, 41 Minn. 350, is in all respects like the last. Referring to the other case, it is said: "The decision must be deemed to rest upon the ground that from the sale and unqualified conveyance to the railroad company of the premises upon which its road and embankment had already been permanently constructed, and where it was to be expected to remain, it was to be presumed that the grantor consented to the continued existence of such permanent improvements for the enjoyment and use of which the purchase and conveyance of the land was obviously made. . . . . It cannot affect the case that he may not then have apprehended the full extent of the injury which could result from this in the future." To the same effect is *Hoffeditz* v. *Southern Penn. etc. Ry. Co.*, 129 Pa. St. 264. This decision was affirmed in *Updegrove* v. *Pennsylvania etc. R. R. Co.*, 132 Pa. St. 541, and in *McMinn* v. *Pittsburgh etc. R. R. Co.*, 147 Pa. St. 5.

The principle of these cases seems to be that one having conveyed the land with the structure for the purpose of enabling the purchaser to continue to use it as it was then using it, cannot deprive the purchaser of the benefit by claiming that it constitutes a private nuisance.

Respondent has cited us to no case which holds a contrary doctrine. I feel constrained, therefore, to sustain this position of the appellant. Respondent in his brief claims that the finding is not only entirely unsupported by the evidence, but is untrue. The plaintiff did not claim to own the land across the river, or attempt to convey it, but only up to the river on one side of it. Since the appellant is here asking for a new trial, I think a new trial should be awarded, even if the findings would justify a judgment for the defendant. I

therefore recommend that the judgment and order be reversed, and a new trial granted.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and a new trial granted.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.