[Sac. No. 297. Department Two.—July 13, 1898.]

JAMES F. BANTA, Respondent, v. J. L. & L. G. SILLER, Appellants.

MOTION FOR NEW TRIAL — REFUSAL TO SETTLE STATEMENT — RELIEF FROM ORDER—DISCRETION.—When the proposed statement on motion for a new trial and the amendments thereto were properly noticed for settlement, but were not presented to the judge for settlement, nor left with the clerk for the judge, within the time prescribed by the code, and the judge for that reason had refused to settle the statement, the court has power, and has an enlarged discretion to relieve the moving party from such order, on the ground of inadvertence, surprise, or excusable neglect, and to settle the statement. The court should resolve any doubt in favor of the application, so that the full merits of the litigation may be presented; and its order granting the relief will not be disturbed on appeal, unless it clearly appears that the court or judge was guilty of a gross abuse of discretion.

PLEADING—INCONSISTENT DEFENSES—VERIFIED ANSWER.—A defendant may plead as many defenses as he may have, though they may be inconsistent with each other; and the fact that the answer is verified does not preclude the presentation therein of distinct inconsistent defenses. It is error to rule that a sworn answer must not deny in one defense a fact which is averred to be true in another defense, and to try the case upon that theory.

ID.—CONSTRUCTION OF INCONSISTENT AVERMENTS.—It is only as applied to repugnant averments in a single or separate defense in a verified answer, that the averment which bears most strongly against the party pleading it, is to be taken as true; and that rule cannot be applied to repugnancy between inconsistent defenses.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

Albert M. Johnson, for Appellants.

The court had power to relieve defendants from the consequences of their failure to deliver the proposed statement and amendments within time. (Code Civ. Proc., sec. 473; *Stonesifer v. Kilburn*, 94 Cal. 37.) The court ought to use its discretion to advance the ends of justice and promote a hearing upon the merits, and should resolve doubts in favor of the application. (*Buell v. Emerich*, 85 Cal. 116; *Burns v. Scooffy*, 98 Cal. 271; *Wolff v. Canadian Pac. Ry. Co.*, 89 Cal. 332; *Grady v. Donahoo*, 108 Cal. 211; *Harbaugh v. Honey Lake etc. Co.*, 109 Cal. 70.) The rule in *Bell v. Brown*, 22 Cal. 678, as to inconsistent averments in verified pleadings, has been modified and distinguished in later cases. (*Uridias v. Morrell*, 25 Cal. 37; *Buhne v. Corbett*, 43 Cal. 269.)

A. L. Hart, for Respondent.

The power of the court to settle the statement ceased when it was not presented within the time allowed by law. (*Tregambo v. Comanche Min. etc. Co.*, 57 Cal. 503; *Henry v. Merguire*, 106 Cal. 148; *Higgins v. Mahoney*, 50 Cal. 444; *Wills v. Rhen Kong*, 70 Cal. 548.) The distinction between verified and unverified answers is such, that if inconsistent averments are made in the same verified answer, though in separate defenses, the defendant is guilty of perjury, and the averment which bears most strongly against the defendant must be taken as true upon the trial. (*Bell v. Brown*, 22 Cal. 678.)

THE COURT.—The verdict and judgment were for plaintiff. Defendants appeal from the judgment and from an order denying their motion for a new trial.

The motion for a new trial was made upon a statement of the case; and respondent objects to the consideration of the statement, on the ground that the proposed statement and amendments thereto were not presented to the judge for settlement, or left with the clerk for the judge, within the time prescribed by the Code of Civil Procedure. The statement was prepared in proper time and amendments duly proposed, and

appellants gave notice to respondent that they would present the statement, with the amendments, to the judge for settlement on the twenty-seventh day of February, 1896, which was within the ten days prescribed by the code. It appears that they were not presented to the judge on that day, but were left with the clerk for the judge two days afterward. Afterward, on March 16th, the proposed statement and amendments came up for settlement, and upon objection of respondent the court refused to settle the same. On the same day appellants served notice of a motion to be relieved from the order refusing to settle the statement, on the ground of their inadvertence, excusable neglect, etc.

The court granted the motion, and thereafter, against plaintiff's objections, settled the statement as it is here presented. There is no doubt that the court had power to do this. As was held in *Stonesifer v. Kilburn*, 94 Cal. 33, the settlement of a statement is a "proceeding" within section 473 of the Code of Civil Procedure; and under that section the release of a party from a proceeding taken against him through mistake, inadvertence, etc., is a matter largely within the discretion of the trial court. An order granting such release will not be disturbed here, unless it clearly appears that the court or judge was guilty of gross abuse of discretion in making it. Indeed, it has been frequently said here that in cases of doubt the court ought to resolve the doubt in favor of the application, so that the full merits of the litigation might be presented. (*Buell v. Emerich*, 85 Cal. 116; *Wolff v. Canadian Pacific Ry. Co.*, 89 Cal. 332; *Grady v. Donahoo*, 108 Cal. 211; *Harbaugh v. Honey Lake etc. Co.*, 109 Cal. 70.) In the case at bar the evidence upon the point clearly warranted the court in setting aside its order and settling the statement; and in doing so the court certainly did not abuse its discretion.

The respondent, while riding a bicycle, came into contact with a horse and wagon belonging to the appellants and was injured thereby; and this suit is brought to recover damages for the alleged injury.

In their answer the appellants, in addition to denials, set up two separate and distinct defenses, to wit: 1. That at the time of the collision the horse and wagon were not under the con-

trol of the appellants, or either of them, and were not being driven by any of defendants' servants, but were in the possession and control of one Axel Telstrom, to whom they had furnished the same for the purpose of carrying out a certain independent contract made by said Telstrom; and 2. That the horse and wagon were at the time owned by appellants, and were being driven by them along the highway; and that the accident occurred through the negligence, etc., of the respondent, and not through any fault of defendants, or any of their servants or employees. The complaint and answer were both verified. The court tried the case upon the theory that, where an answer is verified, there cannot be set up in it two inconsistent and contradictory averments. This point arose upon the refusal of the court to stop counsel for respondent, in his argument to the jury, from contending that appellants had committed perjury in their answer; upon an instruction to the jury that Telstrom must be held to have been the servant of the appellants; and upon an instruction that "a defendant may plead as many separate defenses as he has, but a sworn answer must not deny a fact in one part, which is averred to be true in another part." In these rulings the court erred; and for the errors thus committed the judgment must be reversed, and a new trial ordered. There is some language in the opinion of the court in the case of *Bell v. Brown*, 22 Cal. 678, which, if considered by itself, and disconnected from the rest of the opinion and from the facts in the case, gives some support to the views of the court below on this point.

Section 441 of the Code of Civil Procedure provides that "The defendant may set forth, by answer, as many defenses and counterclaims as he may have," and that "they must be separately stated"; and in *Bell v. Brown, supra*, the court, referring to section 441 of the Code of Civil Procedure, says: "It does not attempt to make any distinction between the two (verified and unverified pleadings), or to make any rule which does not apply equally to both. The right to set up numerous defenses in a suit is equally as important to the defendant in the one case as in the other. It is an absolute right given him by law, and the principle is as old as the common law itself. . . . . In many cases it would be an absolute denial of justice if a defend-

·ant should be shut out from setting up several defenses." The language in *Bell v. Brown, supra,* relied on by respondents, is correct when applied to the averments of any single, separate defense, but is not applicable to the whole of an answer which contains different, distinct, and separate defenses. This distinction was pointed out in subsequent cases. In *Buhne v. Corbett,* 43 Cal. 264, the court say: "A party defendant in pleading may plead as many defenses as he may have. If a plea or defense separately pleaded in an answer contain several matters, these should not be repugnant or inconsistent in themselves. But the plea regarded as an entirety, if it be otherwise sufficient in form and substance, is not to be defeated or disregarded merely because it is inconsistent with some other plea or defense pleaded. And there is no distinction in this respect between pleadings verified and unverified. (See, also, *Billings v. Drew,* 32 Cal. 565; *Botto v. Vandament,* 67 Cal. 332; *McDonnell v. Southern Cal. Ry. Co.,* 101 Cal. 206.)

The court properly held that an offer to prove a certain compromise was not admissible—after it had already admitted some evidence on the subject; but whether or not the appellants were prejudiced by the admission of such evidence, notwithstanding the fact that it was afterward stricken out, will not arise on another trial, and need not be now considered.

We see no other point in the case necessary to be discussed.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

TEMPLE, J., concurring.—I concur, but desire to state that I concur in the conclusion on the point discussed solely because it was so held in *Stonesifer v. Kilburn, supra.* I think, however, that case was wrongly decided. Section 473 of the Code of Civil Procedure authorizes the court to relieve a party from a judgment, order, or other proceeding taken against him. In that case no default or other order had been taken against the moving party when the affidavits were made and the notice given by the moving parties of their application to be relieved; no objection had been made to their right to have the bill of exceptions settled, other than that the service of the notice to settle was accepted subject to objections. There was then noth-

ing to be relieved from, and section 473 of the Code of Civil Procedure could not apply. The decision of this court was a direction to the trial court to settle the statement notwithstanding the lapse of the statutory time, because a reasonable excuse for the delay was shown, and was in conflict with numerous decisions of this court. (*Wunderlin v. Cadogan*, 75 Cal. 617; *Carpenter v. Superior Court*, 75 Cal. 596; *Hodgdon v. Southern Pacific R. R. Co.*, 75 Cal. 650; *Bunnel v. Stockton*, 83 Cal. 320; *Jue Fook Sam v. Lord*, 83 Cal. 162.)

In fact the application in *Stonesifer v. Kilburn, supra*, was simply to prevent the party opposing the motion from successfully urging the objection that he had lost his right by failing to move in time. Previously this court had held that, if the time was allowed to lapse, the court could not then grant further time and could not settle the statement. The Stonesifer case simply reverses these rulings and holds that under such circumstances the court can, and if the delay is excused will, settle the statement.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.