[Civ. No. 1241. Second Appellate District.—February 20, 1913.]

## TUSTIN PACKING COMPANY (a Corporation), Appellant, v. PACIFIC COAST FRUIT AUCTION COMPANY (a Corporation), Respondent.

PLEADING—DEFENSES ALLEGED IN ANSWER—INCONSISTENCES.—Where specific denials in the first defense raised by an answer constitute a perfect answer to the cause of action, allegations in a second and separate affirmative defense and by way of counterclaim, though inconsistent with the denials contained in the first defense, cannot be regarded as destroying the effect thereof and thus relieve plaintiff of the burden of proving his case.

ID.—DENIAL IN ONE DEFENSE NOT WAIVER OF AFFIRMATIVE MATTER IN ANOTHER.—The effect of a denial in one defense is not waived by the setting up of affirmative matter in another defense.

ID.—AFFIRMATIVE MATTER IN ANSWER DEEMED DENIED.—Affirmative matter pleaded by way of defense is deemed to be denied, and hence, in the absence of proof, must be deemed untrue.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Wilbur Bassett, for Appellant.

McFarland & Irving, and Hickcox & Crenshaw, for Respondent.

SHAW, J.—Action in *assumpsit*, it being alleged that defendant became indebted to plaintiff in the sum of $417.87 for money had and received to the use and benfit of plaintiff. This allegation except to the extent of $122.97, which defendant admitted having received for plaintiff's use, was denied by the answer, it being affirmatively alleged therein that defendant had, prior to the commencement of the suit, tendered the same to plaintiff and at all times since the making of such tender had been ready, able, and willing to pay the same. No evidence whatever was offered by plaintiff in sup-

port of the allegation of its complaint so specifically denied by defendant; nor did defendant offer any evidence other than in support of the alleged fact that it had tendered to plaintiff the $122.97, admitted to have been received by it, and which issue the court found in favor of plaintiff.

The court gave judgment for plaintiff in the sum of $232, from which, and an order denying its motion for a new trial, plaintiff appeals, claiming that judgment should have been for the full amount sued for.

As stated, notwithstanding the fact that the allegation of the complaint as to the indebtedness was, except as to the $122.97, specifically denied, plaintiff offered no evidence to sustain the same. Defendant, however, as a separate and affirmative defense and by way of counterclaim, alleged certain matters with reference to transactions had between the parties, which appellant insists should be construed as admissions in support of the allegations of the complaint, and hence, as claimed by its counsel, no evidence was required on its part. We do not so understand the law. The denials of the first defense constituted a perfect answer to the cause of action, and allegations in the second and separate defense, assuming that they were inconsistent with such denials, cannot be regarded as destroying the effect thereof and thus relieve plaintiff of the burden of proving its case. (*Snipsic Co.* v. *Smith,* 7 Cal. App. 150, [93 Pac. 1035]; *Banta* v. *Siller,* 121 Cal. 414, [53 Pac. 935]; *McDonald* v. *Southern Cal. Ry. Co.,* 101 Cal. 206, [35 Pac. 643].) "The effect of a denial in one defense is not waived by the setting up of affirmative matter in another defense." (*Light* v. *Stevens,* 8 Cal. App. 74, [103 Pac. 361].) Moreover, the affirmative matter pleaded by way of defense is, under our system of pleading, deemed to be denied, and hence, in the absence of proof, must be deemed untrue. It devolved upon plaintiff to prove its alleged cause of action, and this without regard to the affirmative matter set up as the separate defense. The appeal is without merit.

Order and judgment affirmed.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 19, 1913, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing herein is denied. To our minds, the letter referred to in appellant's brief, and asserted by its counsel "without fear of question, doubt or correction" to be an admission of plaintiff's claim, constitutes no evidence of an admission on the part of defendant of other than an indebtedness of $122.97.