[Civ. No. 9236. Second Appellate District, Division One.—June 7, 1935.]

SOUTHERN GLASS COMPANY (a Corporation), Appellant, v. BEVERLY DAIRIES, LTD. (a Corporation), et al., Respondents.

John O. Bender for Appellant.

Benjamin S. Parks, Oliver B. Wyman, Bronte M. Aikins, Gavin McNab and Schmulowitz, Wyman, Aikins & Brune for Respondents.

SHINN, J., *pro tem.*—In this action for the recovery of rent for the use of milk bottles or the reasonable value of their use the defendants had judgment of nonsuit and the plaintiff appeals. The complaint is in three counts, the first

alleging ownership of an unstated number of milk bottles and an agreement to rent the same to the defendants at the rate of $750 per month, the second cause of action alleging their rental for the reasonable value thereof, and the third cause of action being for the recovery of the value of the use of the bottles; the prayer of the complaint was for $3,146.75. The answers of the defendants denied all of the allegations of the complaint and set up certain affirmative defenses. In an attempt to prove ownership of the property plaintiff introduced in evidence, without objection, a judgment in the case of *Southern Glass Company, a Corporation,* v. *Dairy Service Co., Ltd., a Corporation,* by which it was decreed that Southern Glass Company was the owner of the milk bottle brand, consisting of the initials "N M P" for use on milk bottles. Plaintiff also offered in evidence a statement of William H. Kemps, president of defendant Beverly Dairies, Ltd., made at the time of the taking of the deposition of himself and E. A. Froning, a bookkeeper of said defendant, upon which occasion Mr. Kemps, in referring to milk bottles delivered to his company, stated, "I think you may assume that they were N M P bottles." The plaintiff then introduced in evidence the deposition of Froning, from which it appeared that Beverly Dairies, Ltd., received from Los Angeles Bottle Exchange, its codefendant, between June 1 and October 10, 1931, 154,296 milk bottles, of which 30,960 were received in June, 65,736 in July, 12,312 in August, 34,632 in September, and 10,656 in October. For the delivery of these bottles Beverly Dairies, Ltd., paid to Los Angeles Bottle Exchange cash in a total sum of $628.41. During that period Beverly Dairies, Ltd., delivered to Los Angeles Bottle Exchange 109,224 milk bottles of other brands. The Bottle Exchange charged to the Dairy Company, for bottles delivered to the latter, part of the time two cents and part of the time three cents per bottle. It credited to the Dairy Company bottles received from the latter at the rate of two or three cents per bottle. The total charges against the Dairy Company amounted to $3,129.57. The account was balanced by the cash payments made by the Dairy Company and credits for bottles delivered to the Bottle Exchange Company.

This is substantially all of the evidence offered in support of the several causes of action of plaintiff's complaint. From such evidence as was given on the subjects, from the pleadings and the briefs of counsel we learn that defendant Los Angeles Bottle Exchange is engaged in the business of collecting milk bottles which stray away from their proper owners and users and returning them to their places, for which service the Bottle Exchange makes a charge to the person to whom the bottles are returned, at a certain rate per bottle. This defendant handles bottles, but does not otherwise use them in its business.

It is the plaintiff's contention on this appeal that the court should have rendered a judgment in its favor upon the foregoing evidence and upon the admissions contained in certain affirmative defenses contained in the separate answers of the defendants. It is unnecessary to refer at length to these alleged admissions. The most that can be claimed in support of plaintiff's position is that one of the affirmative defenses of the Dairy Company admitted the use of milk bottles referred to in plaintiff's complaint, and as to the answer of the other defendant, that it set up an accord and satisfaction of the claims of plaintiff upon which the complaint was based. The defendants at all times denied plaintiff's ownership of the bottles, the making of any agreement to pay rental therefor, as well as plaintiff's allegations as to the value of the reasonable use of the bottles. Defendant Los Angeles Bottle Exchange at all times denied making any use of the bottles in question. The so-called admissions of the answers did not aid plaintiff; they do not constitute admissions of the facts necessary for plaintiff to establish before it could recover. Furthermore, a defendant may plead inconsistent defenses, and where one separate answer denies all of the allegations of plaintiff's complaint, plaintiff is not excused from making proof of the material facts because of admissions of some or all of them found in other and separate answers of the defendant. (*McDonald* v. *Southern Cal. Ry. Co.*, 101 Cal. 206 [35 Pac. 643]; *Banta* v. *Siller*, 121 Cal. 414 [53 Pac. 935]; *Snipsic Co.* v. *Smith*, 7 Cal. App. 150 [93 Pac. 1035]; *Light* v. *Stevens*, 8 Cal. App. 74 [103 Pac. 361]; *Tustin Packing Co.* v. *Pacific Coast etc. Co.*, 21 Cal. App. 274 [131 Pac. 338].)

The judgment against Dairy Service Company was not competent evidence of plaintiff's title to the milk bottles in question. Neither of the defendants was a party to the action in which the judgment was rendered, and as against them the judgment was inadmissible and incompetent as proof of any fact whatsoever. Plaintiff therefore proved no title or right to the possession of the milk bottles. Although alleging an express contract to rent the milk bottles to the defendants, plaintiff offered no evidence whatsoever of any such agreement, nor did it offer any evidence as to the reasonable value of the use of the milk bottles. The figures representing bottles received by the Dairy Company from the Bottle Company, admitting they were "N M P" bottles, because of the above-quoted statement of Mr. Kemps, leave in total obscurity the actual number of milk bottles involved in the controversy. Presumably they were used from day to day by the Dairy Company.

Notwithstanding its allegations of an express contract with defendants, plaintiff established no cause of action whatsoever against either of the defendants, and its appeal from the judgment is without merit.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.