Civil Case No. 7999, Báez v. Honoré. Majority opinion reported on p. 30.

Mr. Justice Wolf dissenting.

If one reads the Code of Civil Procedure one can see that section 140 is included in a chapter on Variances and Mistakes, matters within the jurisdiction of the lower court, and not to matters on appeal after the jurisdiction is transferred. This was essentially the interpretation given in *Pardo* v. *Pardo*, 19 P.R.R. 1125, and followed among others by *Fajardo Sugar Co.* v. *Santiago et al.*, decided the same day, 19 P.R.R. 1129; *Ex parte Deliz et al.* v. *Franco*, 21 P.R.R. 498; *Díaz* v. *P. R. Ry., L. & P. Co.*, 32 P.R.R. 89; *Brown* v. *Peña & Balbás*, 35 P.R.R. 442; *Alvarez et al.* v. *District Court*, 36 P.R.R. 834; *Machuca* v. *Municipio*, 41 P.R.R. 656; *García* v. *Palatine Ins. Co.*, 42 P.R.R. 950, 951. By these cases the practice became settled that it was the Supreme Court of Puerto Rico that should grant a new term. *Pardo* v. *Pardo* hence could not be considered *obiter*.

The main point, however, is that when Puerto Rico adopted section 140 of the Code of Civil Procedure it did so with the interpretation put upon section 473 of California, a similar provision. It is conceded that in the main our Code of Civil Procedure follows California but not totally. We had statutes, rules and practice that differed from California.

At the discussion of this case I accepted, as I had years before, that the practice in California was to allow the lower court to grant a new term after the appeal was taken. A more intensive consideration makes it doubtful whether California had the practice contended for independently of cases where a motion for a new trial was presented. That is the

887

inference I draw from reading: *Kramm* v. *Stockton Electric R. Co.,* 136 Cal. 523; *Baute* v. *Siller,* 121 Cal. 414; *McWilliams* v. *Hudson,* 98 Cal. Appl. 185; *Stonesifer* v. *Kilburn,* 94 Cal. 33; *Pollitz* v. *Wickersham,* 150 Cal. 238; *Lukes* v. *Logan,* 66 Cal. 33.

In California the bill of exceptions existed to support a motion for a new trial and it is easily conceivable that a trial court should be allowed to consider and grant a new term when a motion for new trial is involved, even where the term had expired.

In any event we had established our own practice, consistent with the Code of Civil Procedure and there was not, after twenty-five years, sufficient reason to change the practice and policy followed for so long. *Pardo* v. *Pardo* was, in my opinion, a correct exposition of the law.

I concurred in the result because, under the case presented, we could and should, as in other cases, grant a new term.